OPINION
{¶ 1} Appellants Dr. Smith and Salem Chiropractic Center, Inc. appeal the decision of the Court of Common Pleas, Stark County, which denied its Motion for Relief from Judgment by confession in an action filed by Appellee Advanced Clinical Management, Inc. ("ACM"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 16, 2002, ACM filed a two-count complaint against Dr. Smith and Salem Chiropractic Center, Inc. ("Salem"). The first count of the complaint sought judgment against Salem only in the amount of $19,000 on a cognovit promissory note. The second count of the complaint sought judgment for Salem's alleged breach of a consulting agreement entered into between ACM and Salem in November 1998. The second count also sought judgment against Dr. Smith for his alleged breach of an agreement to certain obligations under the consulting agreement.
 {¶ 3} On September 16, 2002, the trial court granted judgment by confession as to the first count of ACM's complaint.
 {¶ 4} Appellee initially had problems obtaining service of process on Salem and Dr. Smith. The first attempt at certified mail service at 2303 E. State St., Suite C, Salem, Ohio, was marked by postal authorities as "forwarding order expired" on both defendants' envelopes. However, on November 18, 2002, after another attempt at service, this time at 568 E. State St., Salem, Ohio, both defendants were duly served by certified mail.
 {¶ 5} On January 13, 2003, appellants filed a Motion to Vacate Judgment pursuant to Rule 60(B) and a Motion for Stay of Execution.
 {¶ 6} On January 16, 2003, Dr. Smith filed a motion for leave to plead instanter. The trial court denied same on February 6, 2003.
 {¶ 7} Appellants filed a notice of appeal from the aforesaid decision on March 7, 2003, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 8} "I. The trial court abused its discretion by failing to grant relief from a judgment by confession when the motion for relief was supported by an affidavit which alleged that defendant had a meritorious defense to present; that relief was available pursuant to Rule 60(B); and that the motion was timely filed."
 I. {¶ 9} In their sole Assignment of Error, appellants argue the trial court erred in granting default judgment. We disagree.
 {¶ 10} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} By executing a cognovit provision in a note and allowing a confession of judgment, the maker of the note waives his or her rights to notice and a prejudgment hearing. D.H.Overmyer Co., Inc. of Ohio v. Frick Co. (1972), 405 U.S. 174,176-177, 92 S.Ct. 775, 777-778; Medina Supply Co., Inc. v.Corrado (1996), 116 Ohio App.3d 847, 850. Consequently, collateral attacks on cognovit judgments are liberally permitted, and the burden on the party moving for relief is "somewhat lessened." Society Natl. Bank, supra, at 418; Meyers v.McGuire (1992), 80 Ohio App.3d 644; Madison Designs, Inc. v.Fifth Third Bank (May 1, 1998), Hamilton App. No. C-970181, unreported.
 {¶ 12} In order to obtain relief from a final judgment, a party must show that it is entitled to relief under one of the grounds contained in Civ.R. 60(B)(1) through (5) and that the motion for relief from judgment was made within a reasonable time. GTE Automatic Electric v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of syllabus.
 {¶ 13} Where the judgment from which relief is sought was entered by cognovit note without prior notice, the existence of a meritorious defense to all or part of the claim is often sufficient to justify relief from judgment, provided the motion is timely. Fifth Third Bank v. Margolis (Oct. 30, 1997), Franklin App. No. 97APE04-468; Benford v. Innovisions, Inc.
(Apr. 7, 1994), Franklin App. No. 93APE12-1651. Nonetheless, in a motion to vacate a cognovit judgment, the party who seeks relief must ordinarily still satisfy the requirements set forth inGTE, including the existence of a meritorious defense. BankOne, N.A. v. DeVillers (Sept. 26, 2002), Franklin App. No. 01AP-1258, 2002-Ohio-5079.
 {¶ 14} To make a successful motion for relief from a judgment obtained by cognovit note, a movant typically must establish the following: (1) he has a meritorious defense to present; (2) he is entitled to relief from judgment under the civil rules; and (3) the motion is timely. Rules Civ.Proc., Rule 60(B).
 {¶ 15} Appellants need to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists. Syphard v. Vrable (2001),141 Ohio App.3d 460; Kay v. Marc Glassman Inc. (1996), 76 Ohio St.3d 18
(evidence supporting motion is not necessary); Rose Chevrolet,36 Ohio St.3d 17 (alleging a meritorious defense in the answer is sufficient).
 {¶ 16} For purposes of a successful motion for relief from a judgment obtained by cognovit note, where relief is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits. Rules Civ. Proc., Rule 60(B).
 {¶ 17} As an initial matter, we find that appellants' Motion for Relief was timely filed. The motions in the case herein were timely filed because appellants apparently were not aware of the cognovit judgment until late November 18, 2002, when Dr. Smith was served a copy of the Complaint. Counsel for appellants filed the Motion for Relief within two months from such date.
 {¶ 18} Accordingly, we must now determine if appellants met their burden to establish a meritorious defense. "By definition, a cognovit provision in a promissory note cuts off every defense, except payment, which the maker of the note may have against enforcement of the note." Tinnes v. Immobilaire IV, Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87, at 6, citing Black's Law Dictionary (6 Ed. 1990), 260; Shore West Constr. Co., v. Sroka
(Dec. 21, 1989), Cuyahoga App. No. 57841, reversed on other grounds, (1991), 61 Ohio St.3d 45. Thus, the defense of payment may be raised as a meritorious defense, in a Civ.R. 60(B) motion, seeking relief from a cognovit judgment. Partial payment is also a meritorious defense. See Lewandowski v. Down RiverSpecialties, Inc. (May 24, 2001), Cuyahoga App. No. 78291.
 {¶ 19} In the case sub judice, appellants raise as meritorious defenses breach of the underlying consulting agreement and failure of consideration of the promissory note. We find the cognovit provisions in the promissory note prevent appellants from raising these allegations as a defense to judgment on the note. However, appellants may assert these allegations as affirmative claims. For similar results see,Saponari v. Century Limousine Serv., Inc., Cuyahoga App. No. 83018, 2003-Ohio-6501; Rice v. Montgomery, Franklin App. No. 02AP-1261, 2003-Ohio-5577; Tinnes, supra.
 {¶ 20} Therefore, in the absence of a meritorious defense, the trial court did not abuse its discretion when it denied appellants' Motion for Relief.
 {¶ 21} Appellants' sole Assignment of Error is overruled.
{¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J.
Hoffman, P.J., concurs.
Boggins, J., dissents.