OPINION
{¶ 1} Defendant-appellants, Terry and Taletha Freed (hereinafter, "appellants"), appeal the judgment of the Common Pleas Court of Hancock County denying their Civ.R. 60(B) motion to vacate a cognovit judgment entered against them.
 {¶ 2} On January 16, 2002, the First National Bank of Pandora (hereinafter, "FNBP") filed a civil action seeking judgment against appellants on three separate cognovit notes. The trial court, pursuant to R.C. 2323.13, reviewed the three cognovit promissory notes and the warrant of attorney and granted judgment on all three notes in favor of FNBP.[1] The cognovit notes were secured by a helicopter, airplane, Mercedes, and the appellants' residence. On January 18, 2002, the clerk of courts served appellants with certified copies of the judgment regarding the cognovit notes.
 {¶ 3} On March 4, 2003, nearly fourteen (14) months after the cognovit judgments were awarded to FNBP, appellants filed an action against FNBP seeking declaratory relief to vacate the judgments. In addition, appellants, on May 13, 2003, filed a Civil Rule 60(B) motion also seeking to have the cognovit judgments vacated. Pertinent to this appeal, the trial court overruled appellants' Civ.R. 60(B) motion.
 {¶ 4} Appellants now appeal the judgment of the trial court and set forth two assignments of error for our review. For clarity of analysis, appellants' assignments of error will be combined.
 ASSIGNMENT OF ERROR NO. I The trial court erred by failing to recognize case law that required acourt to grant Civil Rule 60(B) relief based upon improper post-judgmentconduct by a creditor.
 ASSIGNMENT OF ERROR NO. II The trial court erred by refusing to recognize how improperpost-judgment conduct by a creditor affected the filing of the Civil Rule60(B) motion.
 {¶ 5} "The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial. By signing a cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of non-repayment. To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements." Masters Tuxedo Charleston,Inc. v. Krainock, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, at ¶ 6, citations omitted. If a debtor disputes a cognovit judgment entered against them, the debtor may pursue redress by filing a Civ.R. 60(B) motion for relief from judgment. Id. at ¶ 7; see, also, Lewandowski v.Donohue Intelligraphics, Inc. (1994), 93 Ohio App.3d 430, 432, citations omitted. A Civ.R. 60(B) relief from judgment motion, however, is only available under certain, specified circumstances. Appellants herein specifically assert that they demonstrated sufficient grounds to warrant Civ.R. 60(B) relief and, therefore, the trial court erred in denying them an evidentiary hearing and ultimately denying their Civ.R. 60(B) motion.
 {¶ 6} The decision to grant or deny a Civ.R. 60(B) motion lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Priddy v. Ferguson, 3d Dist. No. 14-99-38, 1999-Ohio-957, citing Strack v. Pelton (1994), 70 Ohio St.3d 172,174. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Moreover, "[i]t is an abuse of discretion for the trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing where the motion and affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)."Twinsburg Banking Co. v. RHEA Const. Co., Inc. (1983) 9 Ohio App.3d 39, syllabus, emphasis added.
 {¶ 7} The Supreme Court of Ohio held, in GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus, that to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate that:
(1) the party has a meritorious defense or claim to present ifrelief is granted;
 (2) the party is entitled to relief under one of the grounds stated inCiv.R. 60(B)(1) through (5); and
 (3) the motion is made within a reasonable time * * *[2]
We must, therefore, first determine if appellants have met their burden in establishing a "meritorious defense."
 {¶ 8} Appellants' grounds for Civ.R. 60(B) relief is solely based on the alleged post-judgment conduct of FNBP. Appellants specifically assert that after FNBP received judgments on the cognovit notes, it failed to properly notify appellants of the disposition of the collateral and further failed to dispose of the collateral in a commercially reasonable manner and in doing so violated the requirements of R.C. 1309.613 and1309.627.
 {¶ 9} As noted by the Fifth District Court of Appeals, "[b]y definition, cognovit notes cut off every defense, except payment, which the maker of the note may have against enforcement of the note." AdvancedClinical Management, Inc. v. Salem Chiropractic Center, Inc., 5th Dist. No. 2003CA00108, 2004-Ohio-120, at ¶ 18; citations omitted. The defense of non-default is not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ. R. 60(B) relief. Other asserted defenses found meritorious include improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment.[3]
 {¶ 10} Thus, a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note. A judgment on a cognovit note will generally not be vacated for reasons which do not encompass such matters of integrity and validity.
 {¶ 11} In the case sub judice, appellants, therefore, had the burden of alleging a meritorious defense to the award of the cognovit judgments.[4] Appellants, however, failed to allege, and do not claim on appeal any fraud, error, or other defect in the execution by them of the cognovit note to FNBP. Nor do they allege or claim any defect, fraud, or other error in the confession and entry of judgment against them on the note. Their sole claim is that fourteen months after the entry of judgment against them on the note, the secured party, FNBP, failed to properly notify them as to the disposition of the collateral which secured the cognovit note and, further, did not dispose of the collateral in a commercially reasonable manner. Therefore, based upon the proceeding, it is evident that the alleged post-cognovit judgment conduct of FNBP, even if true, does not rise to the level of a meritorious defense to warrant Civ.R. 60(B) relief for appellants herein.
 {¶ 12} We note, however, that appellants may otherwise be able to assert their allegations that FNBP violated the notice and commercially reasonableness of sale requirements of R.C. 1309.613 and 1309.627, respectively, as affirmative claims against FNBP. R.C. 1309.625 provides remedies for debtors against a secured party who does not proceed in accordance with Chapter 1309 of the Revised Code.
 {¶ 13} We also recognize that the Sixth and Ninth District Courts of Appeals in Mid-American Nat. Bank and Trust Co. v. Partyville, Inc. (March 6, 1987) 6th Dist. No. L-86-232 and BancOhio Nat. Bank v. Schiesswohl
(1988) 51 Ohio App.3d 130, respectively, have held that relief from judgment was proper in a case involving similar facts to the case sub judice.[5] However, we are not persuaded that this is a correct application of Civ.R. 60(B) and, thus, decline to adopt the reasoning inPartyville. We believe that it is more consistent with the purposes of Civ.R. 60(B) and the longstanding policy of finality of judgments to hold that post-judgment conduct, particularly conduct which is not contemporaneous with the judgment, does not give rise to an ostensible meritorious defense to the original cognovit judgment. Appellants' claim, therefore, fails to meet the first prong of the GTE test.
 {¶ 14} Based upon the preceding, a determination of the remaining two prongs of the GTE test are not necessary to this appeal. Because appellants failed to demonstrate a meritorious defense by operative facts which would warrant relief under Civ.R. 60(B), we are unable to conclude that the trial court's acted arbitrarily, unreasonably, or unconscionably in denying appellants an evidentiary hearing and ultimately denying their Civ.R. 60(B) motion to vacate the cognovit note judgments. Accordingly, appellants' first and second assignments of error are overruled.
 {¶ 15} Having found no error prejudicial to appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J. and Bryant, J., concur.
[1] FNBP received three judgments against appellants, jointly and severally, as follows: the first judgment was in the amount of $572,232.54 plus interest of $94,186.78; the second judgment was for $60,000.00 plus interest and late fees of $8,232.48; and lastly, the third judgment was for $63,548.60 plus interest and late fees of $9,013.56.
[2] While the GTE test is the standard test employed by a court in determining whether to grant a Civ.R. 60(B) motion, we note that the Seventh, Eighth and Ninth District Courts of Appeal have applied a less stringent form of the GTE test to Civ.R. 60(B) motions regarding judgments made on cognovit notes and have held that because cognovit nes do not provide a defendant with prior notice of judgment or a an opportunity to defend, the second prong of the GTE test is automatically met by virtue of Civ.R. 60(B)(5) (i.e., "any other reason justifying relief from judgment"). See, Masters Tuxedo, supra at ¶ 7; Saponari v.Century Limousine Service, Inc., 8th Dist. No. 83018, 2003-Ohio-6501, at ¶ 16; Lewandowski v. Donohue Intelligraphics, Inc. (1994),93 Ohio App.3d 430, 433.
[3] For cases where the movant's meritorious defenses have met the first requirement of the three-part test as set fort in GTE, supra, see, for example: Kabealo v. Buckeye Waste Control Inc. (September 17, 1991), 3d Dist. No. 14-90-13, (meritorious defense concerning the original validity and enforceability of the cognovit note); Masters TuxedoCharleston, Inc. v. Krainock, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, (meritorious defense that the note in question had already been paid in full prior to the cognovit judgment); Lewandowski v. DonohueIntelligraphics, Inc. (1994), 93 Ohio App.3d 430, (meritorious defense that the amount of the obligation remaining on the cognovit note had been materially miscalculated by the secured party and the trial court).
[4] For example, see Dovi Interests, Ltd. v. Somerset Point Ltd.Partnership, 8th Dist. No. 82507, 2003-Ohio-3968, at ¶ 17; Rice v.Montgomery, 10th Dist. No. 02AP-1261, 2003-Ohio-5577, at ¶ 22.
[5] In Partyville, supra, the court held that the defenses of improper notice and unreasonable sale in violation of former R.C. 1309.47(C) raised by the movants construed a meritorious defense because if R.C.1309.47(C) is not complied with, there exists an absolute bar to the recovery of a deficiency judgment. (Note that former RC 1309.47(C), which related to a secured party's disposition of collateral after default was repealed by SB 74 (effective July 1, 2001). For provisions analogous to former RC 1309.47(C), see R.C. 1309.610(B) and (C), 1309.611, and1309.624). In BancOhio, the court held that the defenses of satisfaction of the cognovit judgment by repossession of collateral after default and allegations that the secured party did not dispose of the collateral in a commercially reasonable manner were meritorious defenses to the cognovit judgment.