{¶ 52} I respectfully disagree with the majority regarding appellants' first assignment of error. In executing a cognovit note and allowing a confession of judgment, the maker of the note waives his or her rights to notice and a prejudgment hearing.[2] When a Civ.R. 60(B) motion for relief from judgment is entered in response to a cognovit judgment, the burden necessary to prevail is less stringent.[3] The existence of a meritorious defense to all or part of the claim is often sufficient to justify relief from judgment, provided the motion is timely.[4]
 {¶ 53} Moreover, "where relief is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits."[5]
 {¶ 54} In their motion for relief from judgment, appellants alleged three meritorious defenses: (1) appellee agreed orally to modify the contract such that the note was not payable while the parties sought a buyer for the companies; (2) appellee failed to mitigate her damages; and (3) appellee breached her fiduciary duty to the companies, causing the businesses to fail and damage to the collateral. The trial court found that appellants' defenses were "not well taken and hereby denied," without addressing any of the defenses specifically alleged.
 {¶ 55} Regarding their first defense, appellants allege appellee orally agreed to forbear enforcing the cognovit note pending the search for a viable buyer for both companies. Appellant Michael Hiener provided an affidavit alleging such. In addition, appellants subsequently provided an affidavit from appellee's former counsel, Kevin Donovan, who negotiated the stock purchase agreement on appellee's behalf.
 {¶ 56} In his affidavit, Donovan asserted that he sent a letter and proposed forbearance agreement to appellants at appellee's request. That forbearance agreement provided that appellee would delay enforcement of the cognovit note with the caveat that certain conditions had to be met. Some key conditions included in the agreement were: requiring George Vince to resign as employee, director, and officer of the companies until the note was fully paid; hiring an outside individual by the name of Maria Bocskey to manage daily operations of the companies; and refraining from compensating either Michael Hiener or George Vince until the note was paid. The parties ultimately could not reach an agreement on the conditions of the forbearance, and the agreement was never formally executed. However, the assertions of both Michael Hiener and Attorney Donovan are somewhat contrary to appellee's assertions. Moreover, appellee's statements in her own affidavit are somewhat contrary to each other. Appellee makes the following statements in her affidavit in response to the motion for relief, "[a]t no time did I promise, either orally or in writing, to forbear from enforcement of the Note until such time as the companies were sold or that some other resolution was agreed upon."
 {¶ 57} The next statement follows:
 {¶ 58} "I did communicate to the Defendants that I would delay enforcement of the Note for a limited time while Vince and Hiener sought buyers for the companies. I received no consideration for this accommodation. At no time did I waive, release or limit my right to enforce the Defendants' obligations under the Note. It was understood that the Vinces and the Hieners would remain liable for any amounts due under the Note not satisfied by the proceeds of the sale."
 {¶ 59} Thus, appellee first alleges that she did not make promises, orally or in writing, to forbear on enforcement of the note, but then states she did communicate to appellants that she would forbear on enforcement of the note. The second statement which incorporates a contention that no modification of the contract occurred because appellee received no consideration is contradictory. Appellee alleges that she made a mere accommodation to appellants and not an oral modification of the agreement. As proof, appellee cites the fact that she received no separate consideration for agreeing to forbear on enforcement. However, the reason for the forbearance was to work with appellants to secure a buyer for the companies. The necessity for a buyer was apparent. The due date for the final balloon payment had passed and appellants had defaulted on the note due to the faltering viability of the companies and the lack of the needed capital available to make the final payment. Thus, a new, solvent buyer would provide the funds necessary to repay the note. As such, appellee stood a better chance of receiving her monies if a buyer was secured. The consideration in the "accommodation" was the potential of locating a buyer who would provide the necessary monies in a relatively short period of time, as opposed to the extended litigation of the cognovit, in which the parties are currently embroiled.
 {¶ 60} Appellants also alleged two other meritorious defenses in their motion: (1) appellee failed to mitigate her damages; and (2) breached a fiduciary duty. Appellants assert appellee failed to mitigate her damages when she failed to follow-up or respond on any prospective buyers that were presented to her by appellants. Appellants alleged in their motion that both MTS, the title company through which the companies maintained an agency agreement, and other potential buyers were presented to appellee but she failed to contact them. Appellants also asserted that MTS offered appellee a large sum of money to relinquish her claims against the companies but appellee refused. In response, both appellee and her accountant, Richard Sippola, allege they considered all potential buyers and explored other leads but no offers were made. Appellants presented evidence of buyers, which received no response from appellee and, as such, have presented a meritorious defense in that appellee had agreed to forebear on enforcement until a buyer could be found but did not respond in securing a buyer when they were presented.
 {¶ 61} Based on the evidence presented, appellants presented meritorious defenses to the judgment and "any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits."[6]
 {¶ 62} Accordingly, I must respectfully dissent.
[2] D.H. Overmyer Co., Inc., of Ohio v. Frick Co. (1972),405 U.S. 174, 176-177.
[3] Natl. City Bank v. Concorde Controls, Inc., 11th Dist. No. 2001-L-113, 2002-Ohio-6578, at ¶ 17.
[4] Id.
[5] Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr.,Inc., 5th Dist. No. 2002CA00108, 2004-Ohio-120, at ¶ 16.
[6] Id.