HARWOOD, Appellee,

v.

WEISS et al., Appellants.

[Cite as *Harwood v. Weiss,* 165 Ohio App.3d 239, 2005-Ohio-5542.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86141.

Decided Oct. 20, 2005.

Edward D. Hayman; Javitch, Block, Eisen & Rathbone and James Oh, for appellee.

Baker, Hackenberg & Henning Co., L.P.A., and Joseph P. Szeman, for appellants.

---

MARY EILEEN KILBANE, Judge.

{¶ 1} Christian Weiss and Guernsey Building Partners, Ltd., collectively appeal the trial court's denial of their motion for relief from judgment. They claim that the court erred in denying the motion without first holding an evidentiary hearing. We reverse the judgment and remand the cause.

{¶ 2} The record reveals that on September 25, 2003, Weiss, individually and as sole partner of Guernsey Building Partners, Ltd. (collectively, "Weiss"), executed a cognovit promissory note to Dale C. Harwood for a multitenant residential building located on Franklin Boulevard in Cleveland. Monthly payments of $400.53, with interest at seven percent per annum, were due beginning October 1, 2003. Payment was due on the first of each month and was to be sent to Harwood's post office box in Danville, California.

{¶ 3} Kristy Covert, office manager for Weiss, mailed Harwood the payment each month. Payments from October 2003 through January 2004 were received and cashed without incident; however, from February through April 2004, the monthly checks were not cashed. Covert phoned Harwood to inquire, and Hardwood claimed that he had not received the checks. Covert then sent the May and June payments via certified mail. Although Harwood signed for the mail, the checks were not cashed.

{¶ 4} Covert continued to send checks via certified mail to the Danville, California post office box from July through October 2004, but all of the checks remained uncashed, and the certified mail was returned unclaimed.

{¶ 5} In August 2004, Harwood filed a complaint on the cognovit note in common pleas court and was awarded judgment in the amount of $60,104.22 plus interest at the rate of 18 percent per annum. In October 2004, Weiss moved for relief from judgment under Civ.R. 60(B)(3), claiming fraud. The trial court denied this motion, and Weiss appeals in a single assignment of error and claims:

"The trial court erred in its denial of appellant's motion for relief from judgment and in failing to hold a hearing to resolve factual disputes raised by the motion."

{¶ 6} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, "the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are

Civ.R. 60(B)(1) (2) or (3), not more than one year after the judgment." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 7} Where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden. See *Medina Supply Co. v. Corrado* (1996), 116 Ohio App.3d 847, 850–851, 689 N.E.2d 600; *Davidson v. Hayes* (1990), 69 Ohio App.3d 28, 590 N.E.2d 18. Courts have held, however, that relief from judgment taken upon a cognovit note, without prior notice, may be established where the movant (1) establishes a meritorious defense (2) in a timely application. See *Rieck Mech. Elec. Serv., Inc. v. Warner* (June 7, 2002), Montgomery App. No. 19078, 2002 WL 1252521; *Meyers v. McGuire* (1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542.

■ {¶ 8} As it relates to the first element of the *Rieck* test, Weiss claims to have a meritorious defense of fraud in that payments were continually made, but Harwood refused to cash the checks and instead pursued a cognovit judgment. By definition, cognovit notes cut off every defense, except payment, that the maker of the note may have against enforcement of the note. *Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr., Inc.*, Stark App. No.2003CA00108, 2004-Ohio-120, 2004 WL 57710; *First Natl. Bank v. Freed*, Hancock App. No. 5–03–36, 2004-Ohio-3554, 2004 WL 1489074; *Saponari v. Century Limousine Serv.*, Cuyahoga App. No. 83018, 2003-Ohio-6501, 2003 WL 22862932. Therefore, the defense of payment may be raised as a meritorious defense in a Civ.R. 60(B) motion seeking relief from a cognovit judgment, and partial payment is also a meritorious defense. Id.; *Advanced Clinical Mgt.*, supra, citing *G.W.D. Ents., Inc. v. Down River Specialties, Inc.* (May 24, 2001), Cuyahoga App. No. 78291, 2001 WL 563904.

{¶ 9} In support of the motion for relief, Weiss attached the affidavit of office manager Kristy Covert. Covert claimed that she was the sole party responsible for forwarding payments to Harwood and that she had, in fact, forwarded all payments. It is not disputed that the other payments were received and cashed by Harwood. The first issue of nonpayment arises as to the February payment. According to Covert's affidavit, she sent the February payment, which was not cashed. According to "Exhibit A" attached to Harwood's response to the motion to vacate, a notice of default was sent February 15, 2004—a mere two weeks after the payment's due date. Under the terms of the cognovit note:

"Any holder hereof without notice to anyone may declare the entire debt due after 30 days' continue [sic] default of any of the terms herein, or in any of the terms of the accompanying mortgage hereto." (Emphasis added.)

■ {¶ 10} While the record certainly contains conflicting facts as posed by both parties, questions remain as to the timeliness of these cognovit note

payments and whether default notices were received mere weeks after an alleged default. These questions, however, could be satisfactorily answered at an evidentiary hearing. Because Weiss has presented evidence of a meritorious defense and Harwood responded by presenting conflicting evidence of an alleged default, it is necessary to hold an evidentiary hearing before ruling on the Civ.R. 60(B) motion for relief.

{¶ 11} Weiss's sole assignment of error has merit.

{¶ 12} The judgment of the trial court is reversed, and this cause is remanded to allow the trial court to hold an evidentiary hearing.

Judgment accordingly.

COONEY, P.J., and CALABRESE, J., concur.