JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, The Patrician Skilled Nursing Center ("The Patrician"), appeals the trial court's decision in two cases which held that the cognovit promissory note was enforceable and binding even though it was not executed by The Patrician. Finding merit to the appeal, we reverse both cases.
 {¶ 2} In 2004, plaintiff-appellee, Nexstep Healthcare, LLC ("Nexstep"), brought suit against The Patrician and defendant, Santera Rehabilitation, Inc. ("Santera"), for breach of contract and tortious interference with contract. On July 28, 2005, the trial court presided over a settlement conference with the parties. As a result of the conference, a settlement was reached; however, it was not reduced to writing because the terms and conditions needed to be resolved by the parties. Nevertheless, the case was dismissed and the trial court retained jurisdiction to enforce the settlement agreement. Following the settlement conference, the parties attempted to finalize the settlement terms. Through various email correspondence, it appeared that the parties finalized the settlement agreement, but neither party executed the agreement.
 {¶ 3} In October 2005, Nexstep filed a motion to enforce the July 28, 2005 oral settlement agreement. At the February 2, 2006 hearing on the motion, Nexstep presented the court with the proposed written settlement agreement and its subsidiary agreements which consisted of a cognovit promissory note, a guaranty, and a software license agreement. Nexstep also submitted copies of the relevant emails sent between the parties which purportedly showed that The Patrician and Santera agreed to the settlement documents.
 {¶ 4} Pursuant to the settlement agreement, The Patrician agreed to pay Nexstep $325,000 in three installments. The first installment of $100,000 was due by August 15, 2005; the second installment of $125,000 was due by December 31, 2005; and the third installment of $100,000 was due by April 15, 2006. The second and third payments were to be secured by a separately executed cognovit promissory note in the amount of $225,000.
 {¶ 5} As further security for the payments owed by The Patrician, Santera was to execute a guaranty, guaranteeing The Patrician's payments. In addition to executing a guaranty, Santera also agreed to execute a software license agreement with Nexstep. The cognovit promissory note, the guaranty, and the software license agreement were attached as separate documents to be executed, but were incorporated by reference in the settlement agreement.
 {¶ 6} Counsel for The Patrician stated at the hearing, that it had "no problem with the settlement agreement" as it was written, "provided it is executed by all parties." However, Santera claimed that it had some issues with the software that it would be accessing from Nexstep under the license agreement. Santera provided the court with a letter it had sent to Nexstep outlining these concerns. Therefore, Santera did not agree with the settlement documents as presented and, thus, would not execute the documents.
 {¶ 7} After reviewing the settlement documents presented, the email correspondence, and arguments raised at the hearing, the trial court found that Santera's actions demonstrated bad faith dealing and granted Nexstep's motion to enforce the settlement agreement. The trial court ordered that the parties execute all of the settlement documents. When the court learned that Santera's representative was not present, the court continued the matter until February 6. On that date, rather than ordering the parties to execute the settlement documents, the trial court incorporated all of the settlement documents into a judgment entry and specifically found that the settlement agreement and all subsidiary agreements were valid and binding on all parties, "as if all parties executed" such documents on its effective date. The Patrician appeals this judgment in Case No. 87851.
 {¶ 8} On February 24, following the journalization of the trial court's entry finding the settlement agreement and cognovit promissory note valid and binding, Nexstep filed a separate complaint for breach of the cognovit promissory note. The trial court in that case entered judgment in favor of Nexstep on the cognovit promissory note in the amount of $225,000, plus interest. The Patrician appeals this judgment in Case No. 87850. The two cases have been consolidated in this court. Santera's appeal in Case No. 87887 was settled and dismissed in August 2006.
 {¶ 9} On appeal, The Patrician does not dispute that a valid settlement was reached in the underlying case. Rather, The Patrician argues that the trial court erred when it entered an order declaring that an unsigned cognovit note was a valid and binding commitment of The Patrician. Because of such error, The Patrician argues that the judgment rendered on the cognovit promissory note was also error. We agree.
 {¶ 10} In the instant case, The Patrician claims that the trial court's judgment does not comply with Ohio law governing cognovit notes. Specifically, The Patrician argues that the court committed reversible error in ordering that the cognovit promissory note be a valid and binding commitment of The Patrician, even though it did not execute the note. Therefore, the issue presented before this court is a factual question of whether the trial court abused its discretion in enforcing the oral settlement agreement by ordering that the unsigned cognovit promissory note be a valid and enforceable obligation of The Patrician.
 {¶ 11} By definition, cognovit notes "cut off every defense, except payment, which the maker of the note may have against enforcement of the note." Advanced Clinical Mgmt., Inc. v. Salem Chiropractic Ctr.,Inc., Stark App. No. 2003CA00108, 2004-Ohio-120. In executing a cognovit note and allowing a confession of judgment, the maker of the note waives his or her rights to notice and a prejudgment hearing. D.H. OvermyerCo., Inc. of Ohio v. Frick Co. (1972), 405 U.S. 174, 176-177,92 S. Ct. 775, 31 L.Ed.2d 124. In applying Ohio law, the court in Jones v. JohnHancock Mutual Life Insurance Co., 289 F.Supp. 930, 935 (WD Mich. 1968), aff'd, 416 F.2d 829 (CA6 1969), correctly observed:
 "A cognovit note is not an ordinary note. It is indeed an extraordinary note which authorizes an attorney to confess judgment against the person or persons signing it. It is written authority of a debtor and a direction by him for the entry of a judgment against him if the obligation set forth in the note is not paid when due. Such a judgment may be taken by any person or any company holding the note, and it cuts off every defense which the maker of the note may otherwise have. It likewise cuts off all rights of appeal from any judgment taken on it."
 {¶ 12} Therefore, signing a cognovit note is essential to make the note a valid and binding obligation on the obligor.
 {¶ 13} A review of the record before us demonstrates that The Patrician did not agree to sign the cognovit promissory note. Although at the hearing, The Patrician stated that it had "no problem with the settlement agreement as it's written there, provided it is executed by all parties," The Patrician argues on appeal that once Santera refused to execute the settlement agreement, the condition on which The Patrician agreed to the settlement agreement was not satisfied. Therefore, it refused to execute the cognovit promissory note.
 {¶ 14} Nexstep claims that a judicial decree finding an unsigned document binding and enforceable is an adequate substitute for an executed document, including a cognovit note. However, we find that cognovit notes are significantly different from other documents because of the due process rights the maker is waiving. The language of R.C.2323.13 (D) patently requires that the maker sign the warrant of attorney authorizing the confession of judgment. Therefore, because paragraph 10 of the settlement agreement provides that Ohio law governs the agreement, we find that, in order for the cognovit note to be a valid and binding commitment of The Patrician, the note must be executed by The Patrician. The trial court's judgment entry declaring the unsigned cognovit note a binding and enforceable obligation of The Patrician was against Ohio law and constituted an abuse of discretion.
 {¶ 15} Moreover, paragraph 8 of the settlement agreement provides: "Any action by any Party to enforce the provisions of this Agreement shall not relieve any other party from its obligations under this Agreement, and no failure to enforce any provision of this Agreement or of any agreement contemplated by this Agreement shall constitute a waiver of that provision or of any future default or breach." Therefore, although we find that the trial court abused its discretion in ordering that the cognovit note be enforceable as if it were executed, the settlement agreement itself is still binding on the parties and could be enforced under a breach of contract. "Where the parties to an action voluntarily enter into a settlement agreement in the presence of the court, the agreement is a binding and enforceable contract." Spercel v.Sterling Industries (1972), 31 Ohio St.2d 36, 285 N.E.2d 324, paragraph one of the syllabus. Accordingly, although the trial court could enter judgment for the amount The Patrician promised to pay Nexstep pursuant to the settlement agreement, the cognovit note could not be enforced without a signature.
 {¶ 16} Therefore, we find that the trial court abused its discretion in entering a judgment ordering that the cognovit promissory note be a valid and binding commitment of The Patrician as if it had executed such a document. Based on this holding, we also vacate the judgment rendered on the cognovit promissory note.
 {¶ 17} Accordingly, The Patrician's assignments of error are sustained.
Judgments reversed and cases remanded.
It is ordered that appellant recover of appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
MARY EILEEN KILBANE, J. CONCURS; ANTHONY O. CALABRESE, JR., J. DISSENTS (see separate opinion)