[Cite as *Henry Cty. Bank v. Stimmels, Inc.*, 2013-Ohio-1607.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HENRY COUNTY

**THE HENRY COUNTY BANK,**

    **PLAINTIFF-APPELLEE,**               **CASE NO. 7-12-19**

    **v.**

**STIMMELS, INC., ET AL.,**               **O P I N I O N**

    **DEFENDANTS-APPELLANTS.**

---

**Appeal from Henry County Common Pleas Court**
**Trial Court No. 12CV0002**

**Judgment Reversed and Cause Remanded**

**Date of Decision: April 22, 2013**

---

**APPEARANCES:**

    *George C. Rogers* **for Appellants**

    *J. Hawken Flanagan and Richard A. Fisher* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendants-appellants, Stimmels, Inc., and Melvin and Patricia Stimmel ("appellants"), appeal the Henry County Court of Common Pleas' judgment entry denying their Civ.R. 60(B) motion to vacate cognovit judgment. For the reasons that follow, we reverse.

{¶2} On January 5, 2012, plaintiff-appellee, The Henry County Bank, filed in the Henry County Court of Common Pleas a complaint alleging that appellants defaulted on a cognovit promissory note. (Doc. No. 1). On that same day, the plaintiff's attorney also filed an answer confessing judgment on behalf of the defendants by warranty of attorney. (Doc. No. 2). The trial court granted judgment against the defendants that same day based upon the confession of judgment. (JE, Doc. No. 3). Notice of the judgment was sent to the defendants that same day, as well. (Doc. Nos. 6-12).

{¶3} On February 2, 2012, the appellants filed a Civ.R. 60(B) motion to vacate the January 5, 2012 cognovit judgment, arguing that they were not in default of payment under the terms of the promissory note, and that the complaint failed to state a cause of action that can be confessed by warranty of attorney under R.C. 2323.13. (Doc. No. 14).

{¶4} The trial court held a hearing on the motion on March 2, 2012. Thereafter, on March 9th and 22nd, respectively, Henry County Bank and appellants filed supplemental briefs. (Doc. Nos. 17-18).

{¶5} On August 31, 2012, the trial court denied the Civ.R. 60(B) motion finding that appellants failed to allege a meritorious defense. (Doc. No. 19).

{¶6} On October 15, 2012, appellants filed a notice of appeal. (Doc. No. 27).[1] Appellants now appeal raising two assignments of error for our review.

### Assignment of Error No. I

**The trial court erred in granting judgment on a cognovit note without assertion or proof that the maker failed to pay on time per required statutory warning. R.C. 2323.13.**

{¶7} In their first assignment of error, appellants argue that the trial court erred in granting cognovit judgment since they were not in default of payment under the terms of the promissory note. Appellants argue that a warranty of attorney for judgment on a cognovit promissory note under R.C. 2323.13 is limited to default for nonpayment.

{¶8} "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney

---

[1] Appellants' appeal was timely under App.R. 4(A) because the trial court failed to direct the clerk to serve notice of the August 31, 2012 judgment entry upon the parties. *Bank One v. DeVillers*, 10th Dist. No. 01AP-1258, 2002-Ohio-5079, ¶ 22-23. The docket demonstrates that appellants were given copies of the August 31, 2012 judgment entry on October 15, 2012 and filed their notice of appeal that same day.

designated by the holder." *D.H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176-177, 92 S.Ct. 775 (1972). Cognovit judgments by warranty of attorney under R.C. 2323.13 are not, *per se*, in violation of Fourteenth Amendment due process. *Id.* at 187. Nevertheless, since cognovit judgments deprive a debtor of notice and an opportunity to be heard prior to their entry, cognovits are generally disfavored in the law. *Fifth Third Bank v. Woeste Bros. Properties, Ltd.*, 12th Dist. No. CA2010-06-145, 2010-Ohio-5807, ¶ 10. Cognovits are, therefore, strictly construed against the person for whom judgment was granted, and court proceedings must conform in every essential detail with the statutory law governing the subject. *DeVillers*, 2002-Ohio-5079, at ¶ 37, citing *Lathrem v. Foreman*, 168 Ohio St. 186, 188 (1958).

{¶9} R.C. 2323.12 and 2323.13 govern the trial court's jurisdiction over cognovits. *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th Dist.). R.C. 2323.12 provides, in relevant part, "[a] *person indebted*, or against whom a cause of action exists, may *personally appear* in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly." (Emphasis added). R.C. 2323.13, on the other hand, provides, in relevant part:

(A)  An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession.  * * * [J]udgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney.

* * *

(D)  A warrant of attorney to confess judgment contained in any promissory note * * * is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:

"Warning--By signing this paper you give up your right to notice and court trial.  *If you do not pay on time* a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty

goods, failure on his part to comply with the agreement, or any other cause." (Emphasis added).

**{¶10}** The statutory scheme set forth in R.C. 2323.12 and 2323.13 provides for two separate remedies for creditors to obtain judgment while avoiding a trial on the merits. Both remedies provide for "judgments by confession," but R.C. 2323.12 is a confession of the judgment by the debtor, him or herself, who "personally appear[s]" before the court and admits the default. 63 Ohio Jurisprudence 3d, Judgments, Section 250 (2013). *See also Rosebrough v. Ansley*, 35 Ohio St. 107 (1878), paragraph two of the syllabus (interpreting Section 377 of the General Code, a precursor to R.C. 2323.12). R.C. 2323.13, on the other hand, provides for a different type of "judgment by confession"—one obtained by an attorney designated by the parties in the promissory note who confesses judgment on behalf of the debtor. For this reason, this type of judgment by confession is often referred to as a "judgment on warrant of attorney." 63 Ohio Jurisprudence 3d, Judgments, Section 250 (2013). It is also known as a "cognovit judgment." *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 5.

**{¶11}** If a debtor disputes a cognovit judgment entered against him, he may pursue redress by filing a Civ.R. 60(B) motion for relief from judgment. *Id.*, citing *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, ¶ 6 and *Lewandowski v. Donohue Intelligraphics, Inc.*, 93 Ohio

App.3d 430, 432 (9th Dist.1994). To prevail on that motion, he must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976).[2]

{¶12} Whether to grant a Civ.R. 60(B) motion is within the trial court's discretion and, thus, will not be reversed absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} As an initial matter, we note that appellants' first assignment of error raises an issue with the propriety of the January 5, 2012 cognovit judgment, which was a final, appealable order that appellants did not appeal. *Cherol v. Sieben Invests.*, 7th Dist. No. 05 MA 112, 2006-Ohio-7048, ¶ 19. The trial court's denial of the Civ.R. 60(B) motion is the judgment appealed. Consequently, we will interpret appellants' arguments in their first assignment of error as raising a

---

[2] Several districts have modified the *GTE* standard in cognovit judgment cases to require only the first and third prongs. *See, e.g., Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 10th Dist. No. 12AP-174, 2012-Ohio-4514, ¶ 13, citing *Krainock*, 2002-Ohio-5235, at ¶ 7. *See also Freed*, 2004-Ohio-3554, ¶ 7, fn. 2. Since the parties tacitly concede the second and third prongs, only the first *GTE* prong is at issue here; therefore, we do not need to decide whether to modify the *GTE* test for cognovit judgment cases here.

possible meritorious defense under Civ.R. 60(B); to wit: a "deviation from proper procedures in confessing judgment on the note." *Freed*, 2004-Ohio-3554, at ¶ 9-10.

**{¶14}** In their Civ.R. 60(B) motion, appellants asserted that they were not in default of payment under the terms of the promissory note and attached an affidavit averring the same to their motion. (Doc. No. 14). Appellants also asserted that default of payment was the only proper grounds for cognovit judgment by warranty of attorney under R.C. 2323.13 (*Id.*). "By definition, a cognovit provision in a promissory note cuts off every defense, *except payment*, which the maker of the note may have against enforcement of the note." (Emphasis added.) *Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr., Inc.*, 5th Dist. No. 2003CA00108, 2004-Ohio-120, ¶ 18, citations omitted. Therefore, the defense of payment may be raised as a meritorious defense in a Civ.R. 60(B) motion seeking relief from a cognovit judgment. *Id.* Henry County Bank stipulated at the hearing that appellants were not in default of payment. (Mar. 2, 2012 Tr. at 3). Nevertheless, the trial court concluded that appellants failed to present a meritorious defense and denied their Civ.R. 60(B) motion. (Aug. 31, 2012 JE, Doc. No. 19). Although unclear from its one-page judgment entry, it appears that the trial court concluded that appellants' timely payments failed to

establish a meritorious defense under Civ.R. 60(B) because Henry County Bank provided evidence that appellants defaulted for a different reason.

{¶15} The question presented to this Court, therefore, is whether a cognovit judgment under R.C. 2323.13 may be obtained for a default other than nonpayment. If the answer to this question is "yes," then the judgment of the trial court must be affirmed; but, if the answer to this question is "no," then the judgment must be reversed. Based upon our review of statutory scheme, the sparse case law on the subject, and the general disfavor of cognovits in the law, we conclude that the answer to the question presented is "no."

{¶16} Henry County Bank argues that cognovit judgments are not limited to default of payment, citing first to R.C. 2323.12. Henry County Bank argues that the statute provides for confession of a judgment against a "person indebted or against whom a cause of action exists"; and therefore, the plain language of the statute does not limit cognovit judgment to default for nonpayment. Henry County Bank argues that R.C. 2323.13 should be read *in para materia* with R.C. 2323.12 to allow cognovit judgments on warrants of attorney for defaults other than nonpayment as well. We disagree.

{¶17} This argument fails to acknowledge that the remedy afforded to the creditor in the two statutes is different and results in two different types of judgments by confession. 63 Ohio Jurisprudence, 3d Judgments, Section 250

(2013). R.C. 2323.12 is limited to situations where the debtor "personally appear[s]" before the court and confesses judgment. *See Ansley*, 35 Ohio St. 107, at paragraph two of the syllabus. Under those circumstances, the General Assembly did not limit the confession to default of nonpayment alone since the debtor, himself, is confessing judgment. R.C. 2323.13, on the other hand, authorizes an attorney to appear on the debtor's behalf and confess judgment, without providing the debtor notice or an opportunity to be heard. In order for creditors to obtain a judgment on warrant of attorney, the General Assembly expressly required a particular, conspicuous warning be placed in the promissory note signed by the debtor. That warning provides, in relevant part, "[*i*]*f you do not pay on time* a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you * * *." This warning, in effect, enables the debtor to voluntarily, knowingly, and intelligently waive his due process rights to notice and an opportunity to be heard. *See Frick Co.*, 405 U.S. at 185-186. Since the General Assembly expressly required a particular warning for judgments on warrant of attorney and that warning mentions only payment, we conclude that the legislature intended for judgments on warrant of attorney to be limited to default for nonpayment.

{¶18} Henry County Bank argues that the Court of Appeals has allowed cognovit judgments for defaults other than nonpayment, citing *Fifth Third Bank v.*

*Pezzo Constr., Inc.*, 10th Dist. No. 11AP-251, 2011-Ohio-5064. Henry County Bank argues that the default in that case resulted from the defendants' failure to "pay when due all taxes"; *and* the defendants' failure to "maintain a minimum, specified 'Indebtedness to Tangible Net Worth' ratio." *Id*. at ¶ 4. Therefore, Henry County Bank argues that cognovit judgments under R.C. 2323.13 are not limited to nonpayment alone. This argument lacks merit. To begin with, this precise issue was not presented to the Court in *Pezzo*. Instead, the defendants in that case argued, in relevant part, that cognovit judgment was inappropriate since Fifth Third Bank had full knowledge of the breaches and had waived them, or, alternatively, that Fifth Third Bank had been compensated for their previous breaches. *Id*. at ¶ 22-23. Aside from that, *Pezzo* did involve nonpayment under the terms of the promissory note, albeit for taxes. So, we are not persuaded that this case stands for the proposition that judgments on warrant of attorney (cognovit judgment) may be for defaults unrelated to nonpayment as Henry County Bank argues.

{¶19} Our research has failed to uncover any cases where cognovit judgment has been granted for defaults other than nonpayment. If cognovit judgment eliminates all defenses *except payment*, it follows that nonpayment is the only reason for granting cognovit judgment in the first place. *Salem Chiropractic Ctr., Inc.*, 2004-Ohio-120, at ¶ 18. Aside from that, limiting cognovit judgment to

nonpayment is consistent with the explicitly required warning in R.C. 2323.13, which ensures that the debtor voluntarily, knowingly, and intelligently waives his due process rights. *See Frick Co.*, 405 U.S. at 185-186. R.C. 2323.13 is to be strictly construed, and cognovit judgments are generally disfavored in the law; therefore, we will not expand R.C. 2323.13's expedited remedy beyond that contemplated by its text. *Lathrem*, 168 Ohio St.3d 186, 190, syllabus; *Huntington Natl. Bank v. 199 S. Fifth St. Co.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 20; *Woeste Bros. Properties, Ltd.*, 2010-Ohio-5807, at ¶ 10.

{¶20} Limiting cognovit judgments to nonpayment is also consistent with the expedited proceedings which precede them. By limiting such judgments to nonpayment, it is clear to the attorney confessing judgment on behalf of the debtor that a breach has occurred and the debt is owed. Whether a breach has occurred is answered simply by whether or not the debtor has made timely payments under the terms of the note—a "yes" or "no" question. In this case, appellants allegedly breached the promissory note by "do[ing] or fail[ing] something which cause[d] [Henry County Bank] to *believe* [it] will have difficulty collecting the amount [appellants] owe [it]." (Emphasis added) (Doc. No. 1, attached). Whether appellants breached the promissory note for this reason is much less clear than whether appellants made timely payments. Upon review of the statutory scheme, we cannot conclude that the General Assembly intended the expedited remedy

afforded by R.C. 2323.13 for alleged defaults like the one in the present case—one that, quite frankly, lacks objectivity.

{¶21} Henry County Bank argues that limiting cognovit judgments would mean that "a borrower could destroy a lender's security, could lose the security to a tax foreclosure, or could even file for bankruptcy, but no cognovit judgment would be permitted so long as timely payments were made toward the subject promissory note." (Appellee's Brief at 9). While we recognize Henry County Bank's legitimate interest in protecting its security for the note, our decision does not limit it from protecting its security; rather, our decision only limits the methods by which it may do so. Nothing in our decision prevents Henry County Bank, or any other lender, from pursuing a judgment by confession pursuant to R.C. 2323.12 or from filing a civil action for breach of the promissory note. While these latter remedies may be more difficult and time consuming, which is especially concerning in commercial settings, we refuse to interpret R.C. 2323.13 to establish a remedy larger than the warning language expressly required by the statute. To do so ignores the statutory scheme found in R.C. 2323.12 and 2323.13, which provide for two different remedies, and flies in the face of the long-standing principle of strictly construing the statutes.

{¶22} Therefore, we conclude that judgment by warrant of attorney (cognovit judgment) under R.C. 2323.13 is limited to default for nonpayment under the terms of the instrument evidencing indebtedness.

{¶23} Since the parties stipulated that appellants were not in default for nonpayment under the terms of the promissory note, the trial court erroneously granted the cognovit judgment. Therefore, appellants presented meritorious defenses of payment and a deviation from proper procedures in confessing judgment on the note, and the trial court erred by denying their Civ.R. 60(B) motion to vacate. *Salem Chiropractic Ctr., Inc.*, 2004-Ohio-120, at ¶ 18; *Freed*, 2004-Ohio-3554, at ¶ 9-10.

{¶24} Appellants' first assignment of error is, therefore, sustained.

### Assignment of Error No. II

**The trial court erred in failing to grant the defendants' Civ.R. 60(B) motion when the evidence showed that the note holder bank was under the mistaken impression that financial documents relating to Napmark, LLC, were [sic] a financial statement of Stimmels, Inc., and said bank had no basis for declaring a default on the note.**

{¶25} In their second assignment of error, appellants argue that the financial documents upon which Henry County Bank predicated the alleged default were for Napmark, L.L.C., a separate business owned by Melvin and Patricia Stimmel which was not a signatory to the promissory note. Appellants acknowledge that Napmark, L.L.C. was in financial difficulty, but they argue that

fact is irrelevant to the bank's security under the note because Stimmels, Inc. was the debtor on the promissory note at issue in this case.

{¶26} Our disposition of appellants' first assignment of error renders appellants' second assignment of error moot. Therefore, we decline to address this issue further. App.R. 12(A)(1)(c).

{¶27} Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**