OPINION
{¶ 1} In Stark App. Case No. 05CA00180, defendant-appellant Rebecca Labate appeals the July 19, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which granted cognovit judgment in favor of plaintiff-appellee Fifth Third Bank. In Stark App. Case No. 06CA00040, Labate appeals the trial court's January 6, 2006 Judgment Entry, denying her Civ. R. 60(B) Motion for Relief from Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 31, 2004, Labate executed a term note in the principal amount of $300,000 ("the Note"). The Note contained the following warning, in large, bold-faced print on the signature page:
 {¶ 3} "WARNING-BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE."
 {¶ 4} Also on August 31, 2004, Labate and Fifth Third executed documents for three additional secured loans. Together, the four loans totaled $940,800. Labate, her husband, Steven Labate, and their companies, Labate Chrysler Jeep Dodge, Inc. and Labate Real Estate, Ltd. intended to use the proceeds of these four loans to purchase and operate a new and used car dealership in East Palestine, Ohio, as well as to purchase related real estate. Fifth Third funded the Note on September 3, 2004, but never issued the other three loans.
 {¶ 5} On July 19, 2005, Fifth Third commenced an action in the Stark County Court of Common Pleas against Labate to collect on the Note. Fifth Third alleged Labate had defaulted on the Note by failing to make the payments required thereunder. Via Judgment Entry filed July 19, 2005, the trial court awarded cognovit judgment in favor of Fifth Third in the amount of $321,878.63, plus costs. Labate filed a timely Notice of Appeal from this judgment.
 {¶ 6} Prior to the commencement of the instant action, Labate had filed an action in the Columbiana County Court of Common Pleas, seeking injunctive relief. Specifically, Labate, her husband and their companies had sought to enjoin Fifth Third from taking a cognovit judgment against them. The Columbiana Court of Common Pleas denied Labate's request for preliminary injunction. Subsequently, the Columbiana Court dismissed the Labate's complaint for failure to state a claim upon which relief could be granted.
 {¶ 7} On September 27, 2005, Labate filed a Civ. R. 60(B) Motion for Relief from Judgment with the trial court in the underlying matter. Fifth Third filed a brief in opposition on October 7, 2005. Labate subsequently moved this Court to partially remand the matter to the trial court to rule on her 60(B) motion. Via Judgment Entry filed October 26, 2005, this Court granted Labate's Motion for Partial Remand, instructing the trial court to entertain the 60(B) motion and enter judgment on or before November 30, 2005. This Court noted the remand would automatically terminate on December 1, 2005. The trial court failed to rule on Labate's motion by the ordered date. Labate filed a second motion to remand with this Court on December 14, 2005. Via Judgment Entry filed December 22, 2005, this Court again remanded the matter to the trial court and instructed the trial court rule on the motion by January 6, 2006. The trial court conducted a hearing on December 28, 2005. Via Judgment Entry filed January 6, 2006, the trial court denied Labate's Motion for Relief from Judgment.
 {¶ 8} Labate appeals the trial court's July 19, 2005 Judgment Entry, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED COGNOVIT JUDGMENT AGAINST REBECCA LABATE WITHOUT POSSESSING SUBJECT MATTER JURISDICTION.
 {¶ 10} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED JUDGMENT AGAINST REBECCA LABATE ON CLAIMS THAT CONSTITUTED COMPULSORY COUNTERCLAIMS IN A DIFFERENT ACTION.
 {¶ 11} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RULE UPON REBECCA LABATE'S MOTION FOR RELIEF FROM COGNOVIT JUDGMENT BEFORE THIS COURT REACQUIRED JURISDICTION."
 {¶ 12} Labate also appeals the January 6, 2006 Judgment Entry, asserting as error:
 {¶ 13} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED MS. LABATE'S MOTION FOR RELIEF FOR JUDGMENT."
 {¶ 14} Any other facts pertinent to our discussion of Labate's assignments of error shall be contained therein.
 Case No. 05-CA-00180 I, II {¶ 15} Because Labate's first and second assignments of error require similar analysis, we shall address said assignments of error together. In her first assignment of error, Labate submits the trial court erred in granting cognovit judgment against her and in favor of Fifth Third as the court lacked subject matter jurisdiction. In her second assignment of error, Labate contends the trial court erred in granting judgment against her on Fifth Third's claims, as such claims constituted compulsory counterclaims in a different action. Labate argues because she filed the Columbiana County litigation prior to Fifth Third's filing of the instant action, the Columbiana County Court of Common Pleas had exclusive jurisdiction over all matters involving the Note pursuant to the first filed rule. Labate explains Fifth Third was required to file its claims against her as counterclaims in the Columbiana County action.
 {¶ 16} Ohio's first filed rule provides: "As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.,74 Ohio St.3d 120, 123, 1995-Ohio-302 (Citation omitted).
 {¶ 17} Initially, we must determine whether the Columbiana County and Stark County Courts of Common Pleas had concurrent jurisdiction to enter cognovit judgment against Labate.
 {¶ 18} Cognovit judgments are governed by R.C. Chapter 2323. R.C. 2323.13(A) sets forth special jurisdictional rules for cognovit judgment, and specifically provides:
 {¶ 19} "Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk."
 {¶ 20} In the instant action, the municipal court did not have subject matter jurisdiction over the Note as the amount due was over the monetary limit of the court. Accordingly, in order to obtain a confessed judgment under a cognovit note, Fifth Third was required to adjudicate the Note in the county (Stark) in which the maker lives or the county (Cuyahoga) where the Note was signed.
 {¶ 21} In support of her position the first-filed rule applies to cognovit judgments, Labate relies upon CWP LimitedPartnership v. Vitrano (1997), Cuyahoga App. No. 71314, unreported; and Badalamenti v. National City Bank, Portage App. No. 2001-P0-122, 2002-Ohio-4815. We find these cases to be factually distinguishable from the instant action.
 {¶ 22} In Vitrano, appellant CWP, a limited partnership which leases commercial property, entered into a lease with appellees. Pursuant to this agreement, appellees executed a cognovit note in favor of CWP. As a result of appellees' breach of the lease, CWP had the right to obtain judgment on the cognovit note. On May 31, 1995, CWP commenced an action in the Cuyahoga County Court of Common Pleas on the cognovit note.
 {¶ 23} Unbeknownst to the Cuyahoga County court, appellees had commenced litigation against CWP in the Summit County Court of Common Pleas on April 26, 1995, seeking to rescind the cognovit note due to the allegedly fraudulent acts of CWP. Subsequent to being served with appellees' complaint, but prior to answering such, CWP obtained judgment on the cognovit note in the Cuyahoga County action. Appellees filed a motion in the Cuyahoga County court to vacate a void judgment, arguing the Cuyahoga County court lacked subject matter jurisdiction over the cognovit note as exclusive jurisdiction had previously vested in the Summit County Court of Common Pleas. The Cuyahoga County court granted the motion and dismissed the lawsuit without prejudice. The trial court specifically found jurisdiction was exclusively held by the Summit County court. CWP appealed.
 {¶ 24} The Eight District Court of Appeals affirmed the trial court, finding the two cases concerned the same "whole issue" or matter, and under the jurisdictional priority rule, the Summit County court had priority of jurisdiction. Unlike the instant matter, the Cuyahoga County court and the Summit County court inVitrano had concurrent jurisdiction. In the instant action, although Labate filed her action against Fifth Third in Columbiana County before Fifth Third filed its action, Columbiana County did not have concurrent jurisdiction over the Note. The Note was signed in Brecksville, Ohio. Labate lives in Stark County, Ohio. As stated previously, Fifth Third could obtain a confessed judgment only in either Cuyahoga County or Stark County.
 {¶ 25} In Badalamenti, appellants executed a cognovit note pursuant to which National City Bank loaned them $500,000. On February 4, 2000, National City Bank commenced an action against appellants to collect on the cognovit note as a result of appellants' failure to make payments thereon. The Cuyahoga County Court of Common Pleas entered judgment in favor of National City Bank. Appellants filed a motion for relief for judgment, which the trial court denied. The Eight District Court of Appeals affirmed the trial court's denial of their motion of relief from judgment. Thereafter, appellants filed a complaint seeking injunctive relief in the Portage County Court of Common Pleas. National City filed a Civ. R. 12(B) Motion to Dismiss, asserting appellants' complaint failed to state a claim in which relief could be granted and/or the trial court lacked jurisdiction to adjudicate appellants' claim. The trial court granted National City's motion, and appellants appealed. The facts of theBadalamenti are inapposite to the instant action. The appellants in Badalamenti filed their complaint in Portage County after National City had obtained cognovit judgment in Cuyahoga County.
 {¶ 26} Labate further contends Fifth Third should have asserted cognovit judgment in the Columbiana County action as a compulsory counterclaim.
 {¶ 27} Pursuant to Civ. R. 13(A), the filing of a compulsory counterclaim is not required until such time as a party files a "pleading". Fifth Third filed a motion to dismiss pursuant to Civ. R. 12(B) in the Columbiana County case. A Civ. R. 12(B) (6) motion is not a "pleading". State Ex. Rel. Hansen v. GuernseyCounty Bd. of Comm'r (1992), 65 Ohio St.3d 545. Fifth Third was never required to file a pleading in the Columbiana County case because the entire matter was dismissed before Fifth Third was required to answer the complaint. As no pleading was ever filed, Fifth Third was not bound to file a compulsory counterclaim.
 {¶ 28} Based upon the foregoing, Labate's first and second assignments of error are overruled.
 III {¶ 29} In her third assignment of error, Labate submits the trial court erred in failing to rule upon her motion for relief from cognovit judgment prior to losing jurisdiction to this Court. In light of the trial court's subsequent ruling on Labate's Civ. R. 60(B) motion, which is the subject of appeal in Case No. 06-A-00040, we find this assignment of error to be moot.
 Case No. 06-CA-00040 I {¶ 30} Herein, Labate asserts the trial court erred in denying her motion for relief from judgment.
 {¶ 31} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v.Bazell (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (Citation omitted). The grant or denial of a motion for relief from judgment under Civ.R. 60(B) rest within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Further, in examining the trial court's denial of a motion for relief from judgment this Court does not review the correctness of the original judgment from which relief is sought, but rather we are limited to determining whether the trial court abused its discretion in failing to grant relief from judgment. Kochalko v.Kochalko, Guernsey App. No. 04CA15, 2004-Ohio-7098 (Citations omitted).
 {¶ 32} In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken."Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 33} However, "[b]ecause of the special circumstances of a cognovit note, courts have dispensed with the requirement of grounds for relief and allowed relief from judgment when only two of the three elements are satisfied. Soc. Natl. Bank v. ValHalla Athletic Club Recreation Ctr., Inc. (1989),63 Ohio App.3d 413, 418, 579 N.E.2d 234, 237-238. In other words, a movant who files for relief from a judgment taken upon a cognovit note need only establish (1) a meritorious defense and (2) that the motion was timely made. Meyers v. McGuire (1992),80 Ohio App.3d 644, 646, 610 N.E.2d 542, 543-544; Dodick, supra."Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847,850-851.
 {¶ 34} Labate submits she demonstrated the meritorious defense of fraudulent inducement; therefore, was entitled to relief from the cognovit judgment.
 {¶ 35} In order to establish a claim for fraudulent inducement, a party must prove: "1) a representation, or silence where there is a duty to disclose, (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to its truth that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance on the representation, and (6) resulting injury proximately caused by the reliance." Williamsv. Aetna Financial Co. (1998), 83 Ohio St.3d 464, 475,700 N.E.2d 859.
 {¶ 36} In support of her position, Labate references her testimony at the 60(B) hearing regarding oral representations made to her by Fifth Third's agent on August 25, 2004, the terms of the loan documents she was about to execute contained the terms previously contemplated by the parties. Additionally, Labate claims Fifth Third's agent "slipped" a security agreement into the stack of loan documents she was signing without her knowledge thereof. Labate adds Fifth Third is estopped from asserting the Statute of Frauds because of this alleged fraud in inducing her to sign it with all the other loan documents.
 {¶ 37} Ohio's Statute of Frauds for Commercial Loan Transactions is embodied in R.C. Chapter 1335, which, as a general matter, requires certain agreements to be in writing in order to be enforceable. R.C. 1335.02 specifically requires loan agreements with financial institutions be in writing, and the rights and obligations of the parties thereunder "shall be determined solely from the written loan agreement and shall not be varied by any oral agreements that are made or discussions that occur before or contemporaneously with the execution of the loan agreement." R.C. 1335.02 (C).
 {¶ 38} In Marion Production Credit Ass'n v. Cochran (1988),40 Ohio St.3d 265, 274, the Ohio Supreme Court explained:
 {¶ 39} "`There is general concurrence in the view, which is obviously just and equitable, that if one has been induced to enter into and perform or partly perform an oral agreement concerning an interest in land by fraudulent misrepresentations as to existing conditions, financial ability of a party, or under circumstances which amount to fraud, a court of equity should refuse to let the statute be used as an instrument of fraud or to operate to prevent equitable relief. * * *'"
 {¶ 40} "Immediately apparent from the foregoing is the observation that the law will not countenance any and every kind of fraud allegation as capable of overcoming the Statute of Frauds. Whether the alleged misrepresentation is of a promise of future performance or of a then-present fact, it will not defeat the Statute of Frauds unless such fraudulent inducement is premised upon matters which are wholly extrinsic to the writing. The Statute of Frauds may not be overcome by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing. Accordingly, an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms." (Citation omitted).
 {¶ 41} Labate bases her defense the oral misrepresentations made by Fifth Third's agent as to the terms of the loan documents as well as a prior agreement to finance an additional loan in the amount of 1.6 million dollars. These are not matters wholly extrinsic to the writings; therefore, the Statute of Frauds is applicable to the instant action. As a result, Labate cannot establish a meritorious defense. We find trial court did not err in denying her motion for relief from judgment.
 {¶ 42} Appellant's assignment of error is overruled.
 {¶ 43} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.