[Cite as *Pheils v. Glass City Sales, L.L.C.*, 2009-Ohio-4623.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

DAVID R. PHEILS, JR.,

    PLAINTIFF-APPELLANT,          CASE NO. 13-09-19

    v.

GLASS CITY SALES, LLC, ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 09 CV 0010

**Judgment Affirmed**

Date of Decision: September 8, 2009

APPEARANCES:

    *David R. Pheils, Jr.,* Appellant

    *Arnold N. Gottlieb* for Appellee

**WILLAMOWSKI, J.,**

{¶1} Plaintiff-Appellant, David R. Pheils, Jr. ("Pheils"), appeals the judgment of the Seneca County Court of Common Pleas granting a motion to vacate judgment on a cognovit note. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 8, 2009, Pheils filed a complaint against Defendants-Appellees, Glass City Sales, LLC, Dan Novotny, and Scott Salsbury (collectively, "Appellees"), [1] to enforce a cognovit note in the amount of $50,160, plus interest. Pheils had a business relationship with Appellees since 2002 in which Pheils would provide funds for Appellees to purchase foreclosed manufactured homes and property which were then resold for a profit.

{¶3} In July 2006, Pheils provided the funding for Appellees to purchase a single family home and property at 108 Woodland Avenue, Fostoria, in Seneca County. On July 21, 2006, Appellees executed a cognovit note agreeing to repay $50,160 plus 8% compound interest per annum. The note was signed by Scott Salsbury, individually, Dan Novotny, individually, and Scott Salsbury in his representative capacity for Glass City Sales, LLC. The note contained the

---

[1] The complaint, which was amended on January 23, 2009, also included additional parties and causes of action, which are not the subject of this appeal. The trial court's judgment expressly found that there was "no just reason for delay" as to the judgment concerning the cognovit note. On June 17, 2009, this Court determined that the judgment was a final appealable order and dismissed Appellees' motion to dismiss the appeal.

following language:

> **It is further agreed that default in payment of any installment for one days after the same shall become due, shall cause the entire sum then remaining unpaid to become at once due and payable. And we hereby authorize any attorney-at-law in the United States to appear in my/our behalf in any court of record in the County in which we reside or any one of us resides, or the County in which we or any one of us signed this instrument, after the above obligation becomes due and payable according to the terms and conditions hereof, and waive the issuing and service of process upon us and confess judgment against us in favor of the holder hereof, for the amount then appearing due hereon, together with the costs of suit, and thereupon to release all errors and waive all rights of appeal.**

{¶4} On January 23, 2009, the trial court held a cognovit hearing. An attorney filed Appellees' confession of judgment and the trial court granted judgment on the cognovit claim. Thereafter, the trial court issued a Certificate of Judgment.[2]

{¶5} On March 11, 2009, Appellees filed a Motion to Vacate Judgment on the cognovit note pursuant to Civ.R. 60(B). The Appellees claimed that (1) the court did not have jurisdiction to enter the judgment because none of the parties resided in Seneca County and (2) Appellees had paid Pheils in full for the loan. Appellees attached copies of two checks, which they claimed satisfied the

---

[2] The Certificate of Judgment was issued on January 26, 2009. On February 20, 2009, Appellant was notified that the Certified Mail Service upon Glass City Sales, LLC, sent to 108 Woodland Avenue, Fostoria, had been returned unclaimed. On March 5, 2009, Appellant directed the Clerk to serve Glass City Sales, LLC by regular U.S. Mail Service with Certificate of Mailing, under Civ.R. 4.1 and 4.6. There is no record that the regular mail service was returned.

cognovit debt and other monies owed, and an affidavit sworn by Scott Salsbury. In the affidavit, Salsbury attested that neither he nor Dan Novotny resided in Seneca County; that Glass City Sales, LLC had its primary place of business in Holland, Ohio [Lucas County]; and, that the cognovit note was signed in Wood County.

{¶6}   At the April 1, 2009, hearing on the Motion to Vacate Judgment, there were discussions between the trial court and the parties concerning whether or not Glass City Sales had its principal place of business in Seneca County, and therefore, whether the trial court had any subject matter jurisdiction over the matter.   The court ordered counsel to file any additional evidence regarding the issue of residency within one week.

{¶7}   Appellees filed a Supplemental Memorandum and submitted the Affidavit of Daniel Novotny and the 2004 organizing documents for Glass City Sales that were filed with the Ohio Secretary of State.   The documents did not provide an address for the entity.   However, in his affidavit, Novotny stated:   that he was one of the organizing members of Glass City Sales, LLC; that the designated statutory agent was Angela Hennen of Perrysburg, Wood County, Ohio; that Glass City Sales had its principal place of business in Holland, in Lucas County; that Glass City Sales had never "resided" nor had a business office in

Seneca County; and, that the only contact with Seneca County was a single real estate purchase in Fostoria.

{¶8} Pheils filed a Memorandum Regarding Cognovit Jurisdiction and an affidavit describing the parties' business relationship and the transaction involving the subject cognovit note. Pheils did not provide any sworn evidence as to the business location of Glass City Sales. However, in his memorandum, he argues that Glass City Sales "resides" in Seneca County because there was no address listed for Glass City Sales with its LLC filing and an internet search he conducted did not locate an address for Glass City Sales in Ohio. Pheils also attached the deed by which Glass City Sales took title to the property showing its tax mailing address as 108 Woodland Avenue, Fostoria. Pheils also noted that the certified mailing of the Amended Complaint was returned "unclaimed," but the regular postal mailing to the Woodland Avenue address was never returned and Appellees filed their Civ.R. 60(B) Motion shortly thereafter. Pheils also moved to strike Salsbury's and Novotny's Affidavits, asserting that they were not made upon personal knowledge and did not contain operative facts.

{¶9} On April 17, 2009, the trial court denied Pheils' motion to strike and granted Appellees' motion to vacate the cognovit judgment. It is from this judgment that Pheils appeals, presenting the following assignments of error for our review.

**First Assignment of Error**

**The trial court erred in granting Defendants' motion for relief from the final cognovit judgment without evidence supporting it.**

**Second Assignment of Error**

**The trial court erred in refusing to strike Defendants' Salsbury and Novotny's affidavits which failed to demonstrate they were made upon personal knowledge and contained only legal and factual conclusions rather than operative facts.**

For clarity of discussion, we elect to address the assignments of errors out of order.

{¶10} In his second assignment of error, Pheils argues that the trial court should have granted his motion to strike the affidavits because they were not made on personal knowledge and contained conclusory assertions without operative facts. A trial court's decision to grant or deny a motion to strike an affidavit is reviewed for an abuse of discretion. *Snyder v. Ford Motor Co.,* 3d Dist. No. 1-05-41, 2005-Ohio-6415, ¶ 9. The Ohio Supreme Court has defined "personal knowledge" as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26 (quoting *Black's Law Dictionary*).

{¶11} In the evidence provided by Appellees, Daniel Novotny attested that he was an organizing member of Glass City Sales, LLC, which would give him

personal knowledge as to the location where Glass City Sales resides and conducts its business. His sworn affidavit clearly sets forth the "fact" that Glass City Sales has its principal place of business in Lucas County, that it has never or had a business office in Seneca County, and its only contact with Seneca County was one real estate purchase. Likewise, Scott Salsbury, who signed the note in his representative capacity for Glass City Sales, also corroborated the fact that the business location for the company was in Holland, Ohio.

{¶12} Both affidavits did lack the "boilerplate" language stating that they were made upon "personal knowledge," and did not contain many details. However, the facts and testimony within the affidavits clearly set forth the basis for the parties' competence to testify as to the business location of Glass City Sales based upon their personal knowledge. The trial court did not abuse its discretion in denying Pheils' motion to strike the affidavits. Pheils' second assignment of error is overruled.

{¶13} Pheils' main issue, raised in his first assignment of error, complains that that the trial court should not have granted Appellees' motion for relief from judgment because there were insufficient facts supporting their claim that Glass City Sales, LLC resided in a location other than Seneca County.

{¶14} The purpose of a cognovit note is to allow the holder of the note to obtain judgment quickly, without the necessity of a trial. *First Nat. Bank of*

*Pandora v. Freed,* 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 5. By signing a cognovit note, a debtor agrees to relinquish notice, a hearing, or appearance at an action to collect in the event of nonpayment. Id. If a debtor disputes a cognovit judgment, relief from judgment may be sought under Civil Rule 60(B), but only for specified limited circumstances. *Rothstein v. Rothstein,* 8th Dist. No. 86090, 2005-Ohio-6381, ¶¶ 8-9.

{¶15} Cognovit judgments are governed by the Ohio Revised Code. R.C. 2323.13(A) sets forth special jurisdictional rules for cognovit judgment, and specifically provides:

> **Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court \*\*\*, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk.**

R.C. 2323.13(A).

{¶16} All of the requirements of the statutory provision must be met in order for a valid judgment to be granted upon a cognovit note or for a court to have subject-matter jurisdiction. *Klosterman v. Turnkey Ohio, L.L.C.*, 10th Dist. No. 08AP-774, 2009-Ohio-2508, ¶ 19. If the judgment on the cognovit note is not

obtained in the county where the maker resides or the county in which the cognovit note is executed, then the court does not have subject matter jurisdiction and the cognovit judgment is void ab initio. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus; *Fifth Third Bank v. Labate,* 5th Dist. Nos. 2005CA00180, 2006CA00040, 2006-Ohio-4239, ¶¶ 19-20. The party who asserts the existence of personal jurisdiction has the burden of establishing jurisdiction once the opposing party challenges it. *In re Blue Flame Energy Corp.,* 171 Ohio App.3d 514, 2006-Ohio-6892, 871 N.E.2d 1227, ¶ 13.

{¶17} An appellate court reviews the issue of subject matter jurisdiction de novo, without deference to the trial court's decision. *Klosterman,* ¶ 19; *Advantage Bank v. Waldo Pub, L.L.C.,* 3d Dist. No. 9-08-67, 2009-Ohio-2816, ¶ 25. The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts. *Patton,* supra, at paragraph four of the syllabus.

{¶18} In this case, the amount of the cognovit note was over the monetary limit of a municipal court. Therefore, in order to obtain a confessed judgment, Pheils was required to adjudicate the note in the county in which at least one of the makers resided, or in which the note was signed, in order for the court to have subject matter jurisdiction. See *Sunset Land Partnership v. Trowsdell*, No. 20895, 2002-Ohio-4152 (no jurisdiction because none of the makers resided in the county

and the note was not signed in the county; only the plaintiff resided in the county); *The First Nat. Bank of Waverly v. Netherton,* 4th Dist. No. 05CA738, 2005-Ohio-6518, ¶ 9 (finding jurisdiction because one of the signatories to the warrant of confession had its "principal place of business" in the county where the plaintiff had filed the confession of judgment.). The parties do not dispute that the cognovit note was signed in Wood County and that Salsbury and Novotny do not reside in Seneca County. The sole issue is whether Glass City Sales resides in Seneca County.

{¶19} As discussed above, there are two sworn statements from principal business agents of Glass City Sales stating that Glass City Sales' principal place of business is in Holland, Ohio, and that it is not located in Seneca County. In contrast, Pheils has not provided any sworn evidence that Glass City Sales resides in Seneca County, but merely speculates that it is located in the county based upon a few unproven occurrences.

{¶20} The lack of a physical address for Glass City Sales, LLC in its 2004 filing with the State of Ohio, and the fact that Pheils did not find an address during an "Internet search," does not in any way prove that the company is located in Seneca County. Pheils also speculates that Glass City Sales received the U.S. Postal Service mailing of the amended complaint sent to the Fostoria address.

Even if this was true, it does not prove the Glass City Sales resides at that location. The mail could have been forwarded or picked up.

**{¶21}** Pheils also submitted two documents which he claims demonstrates that Glass City Sales resides in Fostoria. However, the documents were prepared by other parties, and there is no proof that the addresses typed on the paperwork have any actual bearing to the principal place of business of Glass City Sales, or that Glass City Sales had any part in providing the addresses or information. The first document is the Limited Warranty Deed, using typical language to convey the Fostoria property "unto Glass City Sales, the 'Grantee,' its successors and assigns, with a tax mailing address of   108 Woodland Ave. Fostoria Oh 44830  , [address typed on the line] the following described real property ***." Attached to the deed in the court documents, however, is a July 21, 2006, letter from Pheils to the selling party, conveying the payment check, the legal description of the property, and indicating that the property was at 108 Woodland Avenue, Fostoria, and that it was being purchased by Glass City Sales, LLC. The fact that Glass City Sales purchased the property and its name was placed on the deed using the property's address does not, without more, prove that it conducted its business from the site. The Ohio Revised Code required the property to be in Glass City Sales' name. See R.C. 1705.34 (which mandates that all "[r]eal and personal property owned or

purchased by a limited liability company shall be held and owned in the name of the company.").

**{¶22}** The other documents allegedly associating Glass City Sales with the Woodland Avenue address are the court documents concerning the filing for the confession of judgment and documents directing service thereof. However, once again, these documents were prepared by Pheils, and he provided the Fostoria address in Seneca County for Glass City Sales for these documents.

**{¶23}** In examining the evidence de novo, we do not find that Pheils has submitted any evidence that would establish that Glass City Sales, LLC resided in Seneca County. It does not appear that Glass City Sales had any contact with Seneca County, other than one real estate transaction. Appellees provided two sworn affidavits stating that Glass City Sales did not reside in Seneca County.

**{¶24}** Thus, the Seneca County Court of Common Pleas did not have subject matter jurisdiction to hear the confession of judgment for the cognovit note and did not err in vacating the judgment on the cognovit note. Pheils' first assignment of error is overruled.

**{¶25}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**
/jlr