THE UNION SAVINGS ASSN., APPELLEE, *v.* HOME OWNERS AID,
INC., ET AL., APPELLANTS.

THE UNION SAVINGS ASSN., APPELLEE, *v.* KELLEY ET AL.,
APPELLEES; ET AL., APPELLANTS.

THE UNION SAVINGS ASSN., APPELLEE, *v.* SPENGLER ET AL.,
APPELLEES; ET AL., APPELLANTS.

THE UNION SAVINGS ASSN., APPELLEE, *v.* QUINTILIANO ET AL.,
APPELLEES; ET AL., APPELLANTS.

[Cite as Union Savings Assn. v. Home Owners Aid,
18 Ohio App. 2d 63.]

(Nos. 29021, 29022, 29023 and 29024—
Decided April 17, 1969.)

*Messrs. Thompson, Hine & Flory* and *Mr. Michael M.
Hughes,* for appellee.

*Mr. Howard Kirsch,* in propria persona.

*Mr. Walter H. Rubinstein,* for appellant Home Own-
ers Aid, Inc.

DAY, J. We have affirmed the judgments in these cas-
es. Although we find none of the assignments of error
briefed and argued well taken, the first assignment is of
sufficient public and general interest to warrant a few
words of explanation.

In broad terms, the first assignment of error claims that the court below which rendered judgment by confession on cognovit notes without the confessing attorney being physically in court did not obtain jurisdiction over the subject matter. In lower terms, this contention leans upon the principle of strict construction of Section 2323.-13, Revised Code, cf. *Lathrem* v. *Foreman* (1958), 168 Ohio St. 186, plus a somewhat overly literal reading of that section to argue that the statute is not complied with unless the attorney confessing judgment is *physically present in court* at the time the warrant for confessing judgment is presented. The process includes the signing by the confessing attorney and a filing in the court rendering judgment. This was done in the instant cases.

The words in Section 2323.13, Revised Code, which, it is contended, require the physical presence, are these:

"An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession, * * *."

The bald language of the statute lends support to the reading which would require that the confessing attorney be in court, *physically*, at the time judgment is taken. However, since the statute does not specify that the confessing attorney be *in fact*, and *literally*, counsel for the defendant, it is fair to inquire what purpose would be served by the physical presence, particularly in the light of other consequences such presence would generate.

Practice in this jurisdiction will illustrate the point. Over many years Section 2323.13, Revised Code (and its predecessors), has been considered to be satisfied if the plaintiff's attorney accosted any lawyer, however much a stranger to the litigation, in the hallway of the courthouse or elsewhere, secured his signature on an answer as confessing attorney and then filed the answer. Repetition alone does not cleanse the practice of its error, if there is one, but the question here does not lend itself to such simplistic treatment.

The very existence of Section 2323.13 shows the Leg-

islature's acceptance of the institution of the cognovit note and, we must assume, the legislative intention that it have a viable existence.

Should the statutory "requirement," if it is one, be deemed satisfied by the mere physical presence of the hallway-confessor clothed, as he would be, in encylopedic innocence of any defense to the action? If so, the statute would be satisfied by an empty formality, and only inconvenience would be added to the present procedure. We are convinced that the Legislature intended no such result. It is fundamental that the law will not compel futility.

Yet, to read the statute as requiring the physical presence of an attorney to confess the judgment, who *literally* and *actually* represented the defendant, would necessarily destroy the cognovit concept. Compliance would effect repeal. The usefulness of the statute could not survive a mandatory adversary procedure that was more than formal.

Accordingly, we find the necessary presentation under the statute can be, and in the cases now before us was, legally effected through the plaintiff's attorney as agent for the confessing attorney. This may put some gloss on the enactment but it avoids the undesirable alternatives, clearly not in legislative contemplation, of compelled futility by requiring the presence of an unprepared and therefore unarmed, ostensible, adversary; or repeal by way of an enforced, literal, adversary proceeding.

The four cases before us are identical in principle. In all four cases the judgments are affirmed.

*Judgments affirmed.*

WHITE, P. J., and WASSERMAN, J., concur.