[Cite as *Market Ready Real Estate Servs., Inc. v. Weber*, 2013-Ohio-4879.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Market Ready Real Estate Services, Inc.,  :

      Plaintiff-Appellee,  :  Nos. 12AP-183
                                   12AP-803

v.  :  (C.P.C. No. 12CVH01-1061)

Glenn Weber,  :  (REGULAR CALENDAR)

      Defendant-Appellant.  :

---

D E C I S I O N

Rendered on November 5, 2013

---

*Zacks Law Group LLC, Benjamin S. Zacks*, and *Robin L. Jindra*, for appellee.

*Acacia M. Perko*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Glenn Weber, appeals from entries of the Franklin County Court of Common Pleas granting a judgment by confession on a cognovit promissory note in favor of plaintiff-appellee, Market Ready Real Estate Services, Inc., and adopting a magistrate's decision denying appellant's motion for relief from judgment.

{¶ 2} On May 7, 2009, appellee filed a complaint, naming as defendants Glenn Weber and Peggy Weber, and alleging causes of action for conversion, misappropriation of funds, breach of contract, breach of fiduciary duty/good faith, unjust enrichment, embezzlement, trademark infringement, interference with business relationship, and

spoliation of evidence. In the complaint, appellee alleged it had contracted with defendants to build a prototype horse trailer, but that defendants had failed to produce the prototype; thereafter, defendants agreed to sell their horse trailer business, goodwill and business name to appellee in lieu of litigation. On November 30, 2010, following settlement negotiations, appellee filed a notice of voluntary dismissal pursuant to Civ.R. 41(A).

{¶ 3} On January 26, 2012, appellee filed a complaint against appellant Glenn Weber (hereafter "appellant") for confession of judgment. In its complaint, appellee alleged it was the creditor of a cognovit promissory note ("cognovit note") signed by appellant on November 29, 2010, secured by a security interest in a horse trailer. It was further alleged that appellant failed to pay the principal amount of $25,000 on or before April 19, 2011 and that he remained liable in the amount of $18,600, plus interest. A copy of the cognovit note was attached to the complaint as exhibit A. An answer by warrant of attorney to confess judgment was also filed on January 26, 2012, along with an affidavit of attorney confessing judgment.

{¶ 4} On February 1, 2012, the trial court filed an entry of judgment by confession pursuant to R.C. 2323.13. On February 10, 2012, appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B)(5). On May 1, 2012, appellee filed a memorandum contra appellant's motion to vacate. The matter was referred to a magistrate of the trial court, who conducted a hearing on May 9, 2012. By decision filed May 16, 2012, the magistrate denied appellant's motion to vacate. On June 4, 2012, appellant filed objections to the magistrate's decision.

{¶ 5} By decision and entry filed August 17, 2012, the trial court overruled in part and sustained in part the objections. Specifically, the court sustained appellant's objection to a specific finding by the magistrate that appellant was liable to appellee under the cognovit note if there was a private sale of the horse trailer, but the court overruled the remaining objections. Further, the court found that the identified error in the magistrate's decision "does not alter the end result." Thus, the court modified the magistrate's decision to "excise the mistaken finding of fact," but the court otherwise adopted the magistrate's decision and denied appellant's motion for relief from judgment.

{¶ 6}   On appeal, appellant sets forth the following eight assignments of error for this court's review:

> ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN FINDING THAT THE PROMISSORY NOTE AND SETTLEMENT AGREEMENT WERE NOT INTEGRATED.
>
> ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED IN FINDING THAT THE LANGUAGE IN THE PROMISSORY NOTE IS NOT A CONDITION PRECEDENT.
>
> ASSIGNMENT OF ERROR NO. 3: THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE COGNOVIT NOTE AS APPELLEE FAILED TO COMPLY WITH OHIO CIVIL RULE 9(C).
>
> ASSIGNMENT OF ERROR NO. 4: THE TRIAL COURT ERRED IN FINDING THAT THE PURPOSE OF THE 10 DAY NOTICE WAS FULFILLED.
>
> ASSIGNMENT OF ERROR NO. 5: THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY THE PROPER STANDARD TO APPELLANT'S 60(B) MOTION.
>
> ASSIGNMENT OF ERROR NO. 6: THE TRIAL COURT ERRED WHEN IT FOUND THAT THE MAGISTRATE'S MISREADING OF THE PROMISSORY NOTE DID NOT ALTER THE END RESULT OF APPELLANT'S 60(B) MOTION.
>
> ASSIGNMENT OF ERROR NO. 7: THE TRIAL COURT ERRED IN FINDING THAT APPELLANT DID NOT OFFER ANY EVIDENCE CHALLENGING THE WARRANT OF ATTORNEY.
>
> ASSIGNMENT OF ERROR NO. 8: THE TRIAL COURT ERRED IN FINDING AGAINST THE APPELLANT IN LIGHT OF THE WEIGHT OF THE EVIDENCE PRESENTED AT THE CIVIL RULE 60(B) HEARING.

{¶ 7}   Appellant's assignments of error are interrelated and will be considered together.  Under these assignments of error, appellant asserts that the trial court erred in: (1) finding that the cognovit note and settlement agreement were not integrated, (2) holding that language in the cognovit note is not a condition precedent, (3) granting

judgment by confession where appellee failed to meet the pleading requirements of Civ.R. 9(C), (4) concluding that the purpose of the ten-day notice was fulfilled, (5) failing to apply the proper standard to the Civ.R. 60(B) motion, (6) finding that the magistrate's misreading of the cognovit note did not alter the end result of the Civ.R. 60(B) motion, (7) determining that appellant did not offer evidence challenging the warrant of attorney; and (8) finding against appellant in light of the weight of the evidence presented at the Civ.R. 60(B) hearing.

{¶ 8} In general, in order to prevail on a Civ.R. 60(B) motion for relief from judgment a movant must establish that " '(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Ohio courts have "modified the *GTE* standard where a debtor challenges a cognovit judgment." *Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 1oth Dist. No. 12AP-174, 2012-Ohio-4514, ¶ 13. Thus, "[a] Civ.R. 60(B) movant that challenges a cognovit judgment need only satisfy the first and third prongs of *GTE*, i.e., the movant need only allege a meritorious defense and file a timely motion." *Id.* Under this modification, "the second *GTE* requirement, pertaining to whether the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), is automatically satisfied through Civ.R. 60(B)(5), which indicates 'any other reason justifying relief from judgment.' " *Id.*, quoting *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. No. 02 CA 80 (Sept. 25, 2002).

{¶ 9} Defenses recognized by courts as being available to a cognovit judgment debtor seeking Civ.R. 60(B) relief include non-default; "improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment." *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 9.

{¶ 10} An appellate court applies an abuse of discretion standard in reviewing a trial court's decision denying a Civ.R. 60(B) motion for relief from judgment. *Huntington Natl. Bank* at ¶ 14, citing *Your Fin. Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 605 (10th Dist.1997). Similarly, we "apply an abuse of discretion standard to a trial court's decision on objections to a magistrate's decision." *Id.*, citing *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 20.

{¶ 11} The cognovit note executed by the parties in the instant case states in part:

> This note is secured by a security interest given in a certain horse trailer * * * pursuant to a certain settlement agreement and release of claims by and between Glenn and Peggy Weber with Market Ready Real Estate Services, Inc. * * * dated November 29, 2010. If Maker pays this promissory note in full on or before April 19, 2011, then the security interest in said trailer shall be released by Holder. If Maker fails to pay this promissory note in full on or before April 19, 2011, then Maker shall deliver and transfer title to said horse trailer to Market Ready * * * who may sell same at public auction, within one (1) year of delivery, provided Maker receives written notice at least ten (10) days prior to sale date, at which time Maker shall remain liable for any deficiency in net proceeds to Holder from such sale if the amount received by Holder is less than $25,000.00 plus 4% interest since April 19, 2011. If Holder sells said trailer privately, or receives net proceeds at public auction greater than the principal amount due plus interest, or fails to sell same at public auction by April 19, 2012, then Maker has no further liability as to this promissory note and Holder shall be considered to be fully satisfied and this note shall be deemed paid in full.

{¶ 12} In *Classic Bar & Billiards, Inc. v. Samaan*, 10th Dist. No. 08AP-210, 2008-Ohio-5759, ¶ 8, this court discussed the nature of a cognovit note as follows:

> A cognovit note contains provisions designed to cut off defenses available to a debtor in the event of default. * * * The holder of a cognovit note in default obtains a judgment without a trial of possible defenses which the signers of the note might otherwise assert. * * * This is so because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing. * * * An attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the

cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings.

{¶ 13} We initially consider appellant's contention, raised under his first assignment of error that the trial court erred in finding the terms of a settlement agreement were not incorporated into the cognovit note. Appellant argued before the trial court that language in the cognovit note with respect to written notice required reference to the "Settlement Agreement and Release of All Claims" (hereafter "settlement agreement"), executed between appellee and appellant (as well as Peggy Weber) on November 29, 2010, at the time appellee dismissed its 2009 complaint against those defendants. Appellant argues that appellee's failure to submit the settlement agreement to the court rendered the cognovit judgment invalid. Appellant relies upon language in the cognovit note stating it is secured by an interest in a certain horse trailer "pursuant to a certain settlement agreement." Appellant argues that the use of the phrase "pursuant to" indicates the parties' intent to incorporate the terms of the settlement agreement into the cognovit note. According to appellant, although the cognovit note did not contain a requirement that written notice include both time and place for the public auction, the settlement agreement contained terms explaining the type and content of notice required before appellant could be held liable for any deficiency, i.e., "written notice of *time and place* in advance of sale"). (Emphasis added.) (Settlement Agreement, paragraph 2.).

{¶ 14} The magistrate determined that the settlement agreement was not incorporated into the cognovit note and that it was not integral to the understanding of the terms of the cognovit note. The magistrate noted that, although the parties "chose to include more definite terms regarding notice in the settlement agreement, they did not include those requirements (i.e. date and time) in the Note when given the opportunity to do so." The magistrate found that the "passing" mention of the settlement agreement in the cognovit note was "in connection with the security interest given to Plaintiff in the horse trailer, not the sale of the trailer and not the notice to be given to the Defendant."

{¶ 15} In addressing appellant's objections to the magistrate's decision, the trial court also determined that "the settlement agreement is not incorporated into the Note. On its face, the Note is not ambiguous." Similar to the magistrate, the trial court found that the cognovit note only references the settlement agreement "in passing," and that "no

definition, term, or provision of the Note is defined by, or conditioned on, any other document, including the settlement agreement."

{¶ 16} In considering the language of the cognovit note, we agree with the magistrate and trial court that the cognovit note's mere reference to the settlement agreement, in the context of acknowledging the security interest in the trailer, is not sufficient to incorporate its terms into the cognovit note. Had the parties intended to incorporate the settlement agreement into the cognovit note they could have expressly done so. Appellant's contention that the language employed in the cognovit note ("pursuant to a certain settlement agreement") evinces intent to incorporate the terms is unpersuasive. *See, e.g., Trim v. Daniels,* 862 S.W.2d 8, 10 (Tex.App.1992) ("The words 'pursuant to' are not equivalent to 'incorporated' "). Accordingly, the trial court did not abuse its discretion in overruling appellant's objection to the magistrate's determination that the settlement agreement is not incorporated into the cognovit note.

{¶ 17} Under the second assignment of error, appellant challenges the trial court's finding that the language in the cognovit note is not a condition precedent to appellant's liability. Appellant maintains that his liability under the cognovit note is contingent upon having received written notice of the "time and place" of the public auction at least ten days in advance based on the terms of the settlement agreement. Appellant's argument, however, is predicated upon his above contention that the cognovit note and settlement agreement must be read together.

{¶ 18} Based upon the language of the cognovit note and the hearing evidence, and noting the fact the parties "chose not to require more than written notice" to appellant after appellee elected the option of selling the trailer at a public auction, the magistrate found no explicit intent in the cognovit note to establish a condition precedent as to written notice of the specific time and place of the public auction. The magistrate also noted that, while the parties could have used affirmative words reflecting a condition precedent or a mandate that notice be given to appellant under the note (such as "shall" or "must"), the parties instead chose to use the more permissive word "provided," thereby reflecting an intent that notice to appellant was "not a condition precedent to liability."

{¶ 19} The trial court, in overruling appellant's objection to the magistrate's determination that notice was not a condition precedent to appellant's liability, observed

that appellant's argument "relies almost exclusively" upon his contention that the settlement agreement was incorporated into the note.  The trial court noted that the circumstances upon which appellant's liability under the note are extinguished are "clearly and unequivocally set forth in the Note," i.e., appellee's private sale of the trailer, receipt of proceeds at public auction that exceed the principal amount due, or appellee's failure to sell the trailer at public auction by a specified date.  In considering the hearing evidence, the trial court found that "the purpose of providing notice prior to sale was not to create or negate liability, but to give [appellant] the opportunity to appear at the sale, contact potential purchasers and otherwise 'bid up' the sale, thus protecting his interest and sweat equity in the trailer."  Based upon the totality of the circumstances, the court concluded that the provision of written notice ten days prior to a public sale did not create a condition precedent to liability.

{¶ 20}  In *Hiatt v. Giles,* 2d Dist. No. 1662, 2005-Ohio-6536, ¶ 23, the court held:

> "A condition precedent is a condition which must be performed before the obligations in the contract become effective." *Rudd v. Online Resources, Inc.* (June 18, 1999), Montgomery App. No. 17500, quoting *Troha v. Troha* (1995), 105 Ohio App.3d 327, 334. "Thus, if a condition precedent is not fulfilled, a party is excused from performing the duty promised under the contract. Whether a provision is a condition precedent or merely a promise to perform is a question of the parties' intent. Intent may be ascertained by considering the language of a particular provision, the language of an entire agreement, or the subject matter of an agreement. Conditions precedent are not favored by the law, and whenever possible courts will avoid construing provisions to be such unless the intent of the agreement is plainly to the contrary."

{¶ 21}  In the present case, appellant's argument that notice of the "time and place" of sale was a condition precedent to his liability is dependent upon the contention, which we have rejected above, that the settlement agreement was incorporated into the cognovit note.  Further, under Ohio law, "absent an explicit intent to establish a condition precedent, courts will not interpret a contractual provision in that manner, particularly when a forfeiture will result."  *Evans, Mechwart, Hambleton & Tilton, Inc. v. Triad Architects, Ltd.,* 196 Ohio App.3d 784, 2011-Ohio-4979, ¶ 15 (10th Dist.).  Here, as found

by the magistrate, the cognovit note contains no requirement that appellant, as a condition precedent to liability, receive written notice of the date or time of the auction, and we agree with the trial court that the provision of the cognovit note requiring written notice ten days prior to public auction did not create a condition precedent to appellant's liability. Moreover, the evidence at the hearing indicates, as discussed more fully below, that appellant received written notice from appellee in May 2011, approximately seven months prior to the sale, of appellee's decision to sell the trailer at a public auction. Upon review, we find no abuse of discretion by the trial court in overruling appellant's objection that the failure of a condition precedent extinguished any liability he had under the cognovit note.

{¶ 22} Under the third assignment of error, appellant argues the trial court erred in granting judgment on the cognovit note based upon his contention that appellee failed to comply with Civ.R. 9(C), addressing situations in which a cause of action is contingent upon satisfaction of a condition precedent. In light of our determination that the trial court did not err in rejecting appellant's argument that written notice was a condition precedent to liability, we find no merit to this assignment of error.

{¶ 23} We also find unpersuasive appellant's contention, raised under the fourth assignment of error, that the trial court erred in determining that the purpose of the notice provision was fulfilled. As reflected by the evidence presented at the hearing, appellant was put on notice of the auction a number of months in advance of the sale. Specifically, on May 9, 2011, appellee provided appellant written notice of its intent to sell the trailer at public auction. In that letter, counsel for appellee requested that appellant "identify an auction house where the trailer may be sold at public auction immediately," and to deliver the trailer to that site. In response, counsel for appellant faxed correspondence (dated May 18, 2011) to counsel for appellee, stating in part: "My client has been unable to identify an auction house where the trailer could be sold immediately as you suggested. However, there are several auctioneer companies who are able to conduct a public auction at Mr. Weber's property where the trailer is located if your client is agreeable to such an arrangement."

{¶ 24} Counsel for appellant testified that "we wanted to know exactly when and where this would take place so, one, we could attend; two, that we could contact potential

purchasers; three, that we could go out and arrange financing to bid it up to whatever we wanted to or whatever our liability was going to be." (Tr. 28.) Counsel for appellant also testified that, "[d]uring this whole time, my client was trying to sell the trailer privately. He was advertising it." (Tr. 28.)

{¶ 25} Stephen Miller, the owner of Sharp's Grove City Auction Gallery, testified that he went to appellant's residence in August 2011 and discussed with appellant the trailer and the auction. According to Miller, appellant assisted him in preparing the trailer for auction. In discussing the upcoming auction, Miller told appellant: "I don't want to be coming out to Pataskala every time someone wants to preview this thing." (Tr. 41.) Miller asked appellant "if he would help facilitate people coming onto the property." (Tr. 41.) Appellant "said, Absolutely, that's okay." (Tr. 41.) Miller further testified that "about a week before the auction, I was in contact with him quite a bit on the telephone, and I asked him to have his wife send me some of their pictures that they had of the trailer." (Tr. 41-42.) Appellant "arranged to have his wife send me those pictures." (Tr. 42.) Between August 2011 and the auction date (December 10, 2011), Miller had a number of conversations with appellant. Miller further testified that the auction was held on appellant's property.

{¶ 26} Thus, the record includes evidence that appellant was provided notice, approximately seven months in advance, of appellee's decision to conduct a public auction. Further, during this time, appellant participated in the preparation of the auction, he attempted to independently procure a buyer through his own advertising, and the auction took place on his property. The magistrate concluded that the purpose of the notice provision was to allow appellant to attempt to "negotiate a sale of the horse trailer himself, to prepare the trailer to completion and to work with his banks." The magistrate found that written notice to appellant of appellee's decision to sell the horse trailer at auction more than seven months prior to the actual sale gave appellant "ample opportunity to try to sell the trailer and to maximize the sale * * * price," and that "[t]he purposes of the notice provision were fulfilled by the written notice given to [appellant] under the Note." Upon review, the record supports that finding, and the trial court did not abuse its discretion in overruling appellant's objection on this issue.

{¶ 27} Appellant's contention, under his fifth assignment of error, that the trial court held him to a higher standard than required under Civ.R. 60(B), premised upon his argument that the settlement agreement and promissory note are integrated, is without merit. Similarly, appellant's claim, under his eighth assignment of error, that the trial court erred in finding against him in light of the evidence presented at the Civ.R. 60(B) hearing is unpersuasive.

{¶ 28} Appellant also challenges, under the sixth assignment of error, the magistrate's finding of fact that appellant was liable under the note even if there was a private sale of the horse trailer. The trial court sustained this objection, but determined that the magistrate's finding "does not alter the end result of these proceedings." Appellant suggests that the magistrate's factual finding on this issue indicates the magistrate did not give proper weight to the parties' agreed upon terms. The record does not support appellant's contention, and we agree with the trial court that the identified error does not alter the ultimate disposition of the case.

{¶ 29} Under his seventh assignment of error, appellant contends the trial court erred in finding that his challenge to the warrant of attorney was insufficient. Again, appellant's argument is premised upon his argument, previously addressed and rejected, that the cognovit note could not be enforced without reference to the settlement agreement. Here, the trial court did not err in rejecting appellant's assertion that appellee's failure to present the settlement agreement to the court on confession of judgment precluded appellee from obtaining judgment under the cognovit note.

{¶ 30} Based upon the foregoing, appellant's eight assignments of error are without merit and are overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.

*Judgments affirmed.*

KLATT, P.J., and TYACK, J., concur.

————————————