[Cite as *K One Ltd. Partnership v. Kahn*, 2014-Ohio-2079.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| K One Limited Partnership, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-830 |
| v. | : | (C.P.C. No. 12CV-15880) |
| Salh Khan et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on May 15, 2014

*Dinsmore & Shohl LLP, Peter W. Hahn, Nita Hanson* and *Gregory P. Mathews,* for appellee.

*Crehan & Thumann, LLC,* and *Robert J. Thumann,* for appellants.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendants-appellants, Salh Khan and Olivia Khan, appeal from a judgment of the Franklin County Court of Common Pleas denying their Civ.R. 60(B) motion for relief from a judgment entered in favor of plaintiff-appellee, K One Limited Partnership ("K One"). For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 31, 2013, appellees filed a "complaint on a cognovit guarantee" wherein appellee demanded judgment against appellants in the total amount of $736,678.18, plus costs. Attached as exhibits to the complaint are: a $500,000 "Revolving Cognovit Promissory Note" ("Note") signed by Neil Johnson as president of PL Funding, LLC; and a "Cognovit Guarantee" ("Guarantee"), which is signed by appellants.

Appellee's counsel instructed the clerk to serve the complaint and summons on appellants by certified mail. Certified mail service was issued on January 2, 2013. Pursuant to a warrant of attorney, appellants' counsel filed a "cognovits answer" on January 7, 2013. The following day, retained counsel for appellants entered his appearance and filed an amended answer containing 18 enumerated defenses.

{¶ 3}   On January 29, 2013, the trial court entered judgment in favor of appellee in the amount sought in the complaint. Thereafter, on March 12, 2013, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellants filed the affidavit of appellant, Salh Khan, in support of the motion.

{¶ 4}  In his affidavit, Khan chronicles the business relationship between appellants, who were the owners of a manufacturing company located in Michigan, known as AIDCO, and two other individuals: Dr. Sam Kiehl, owner of a company known as NS Fund I, L.L.C. ("NSF"); and Johnson, managing director of NSF and President of Lawrence & Evans, L.L.C. Dr. Kiehl is also the principal of appellee, K One. The relationship began in 2007, when appellants "were looking for strategic partners to raise working capital and [seek] investors." (Khan affidavit, at ¶ 3.)

{¶ 5}   In 2009, appellants believed that the sale of AIDCO was necessary to "pay off AIDCO's debt to NSF, as well as to relieve AIDCO of other debt and tax obligations." (Khan affidavit, at ¶ 5.) Appellants acknowledge that AIDCO "received several loans from NSF" and they guaranteed those loans. (Khan affidavit, at ¶ 4.) According to Khan, Dr. Kiehl and Johnson persuaded appellants to sell AIDCO to Palligistics, L.L.C., a company controlled by Dr. Kiehl and Johnson. Khan alleges that Dr. Kiehl and Johnson realized a "significant personal gain" as a result of the sale of AIDCO to Palligistics, and that Dr. Kiehl and Johnson intentionally misled appellants regarding the existence of more suitable buyers.  (Khan affidavit, at ¶ 7-10.)

{¶ 6}   Kahn avers that during the business relationship, Dr. Kiehl and Johnson engaged in a pattern of fraudulent activities that exposed appellants to significant unsecured liabilities including the debt underlying the Note. For example, Kahn claims that Dr. Kiehl and Johnson "fraudulently enforced" a $2.2 million dollar cognovit note in an action in Hamilton County, and in doing so, they violated a separate agreement to reduce appellants' debt by $1.1 million. (Khan affidavit, at ¶ 29-31.) According to Khan,

appellants have filed a civil action in Hamilton County against Dr. Kiehl and Johnson alleging breach of contract, fraud, breach of fiduciary duty, and unjust enrichment. (Khan affidavit, at ¶ 32.)

{¶ 7}  Kahn admits that "on March 8, 2010 K One Limited Partnership * * * a company created by Dr. Kiehl for the purpose of loaning money to Palligistics, loaned $500,000 to Palligistics in exchange for the Note that is the subject of the litigation before this court." Khan also admits that "[w]e guaranteed the Note." (Khan affidavit, at ¶ 22.)

{¶ 8}  On August 27, 2013, the trial court denied appellants' motion for relief from judgment. The trial court found that appellants timely filed their motion for relief from judgment but that appellants had not asserted a meritorious defense to the cognovit note. On September 26, 2013, appellants filed their notice of appeal.

## II. Assignments of Error

{¶ 9}  Appellants assign the following as error:

> **I. THE TRIAL COURT ERRED BY DETERMINING THE KHAN'S FAILED TO RAISE A MERITORIOUS DEFENSE TO THE COGNOVIT NOTE[.]**
>
> **II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE COGNOVIT NOTE WHEN THE JUDGMENT HAD NOT BEEN SERVED ON THE KHANS PURSUANT TO O.R.C. § 2323.13(C)[.]**

## III. Standard of Review

{¶ 10} To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time, and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976); *Wells Fargo Bank, N.A. v. Perkins,* 10th Dist. No. 10AP-1022, 2011-Ohio-3790, ¶ 8. Ordinarily, all three of the elements must be established, and the test is not met if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). However, "[w]here the judgment sought to be

vacated is a cognovit judgment, the standard as set forth in *GTE* is modified, and the party filing a Civ.R. 60(B) motion need only assert that the motion was timely made and that there is a meritorious defense available." *Fifth Third Bank v. Jarrell,* 10th Dist. No. 04AP-358, 2005-Ohio-1260, ¶ 11.

{¶ 11}  The decision to grant or deny a Civ.R. 60(B) motion rests in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). "An appellate court will not reverse such a decision absent an abuse of that discretion." *Bank of Am., N.A. v. Pandey,* 10th Dist. No. 12AP-950, 2013-Ohio-3830, ¶ 7.

## IV. Legal Analysis

{¶ 12} In their first assignment of error, appellants contend that the trial court abused its discretion when it concluded that appellants failed to assert a meritorious defense to the cognovit note. We disagree.

{¶ 13} R.C. 2323.13 authorizes a cognovit judgment where the confessing attorney signs the answer confessing judgment, the answer is filed, and the warrant is produced to the court through the plaintiff's attorney. *Union Sav. Assn. v. Home Owners Aid, Inc.*, 18 Ohio App.2d 63 (8th Dist.1969). "A cognovit note 'contains provisions designed to cut off defenses available to a debtor in the event of default.' As such, the holder of a cognovit note that is in default 'obtains a judgment without a trial of possible defenses that the signers of the note might otherwise assert * * * because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing.' " *Huntington Natl. Bank v. G.J.P. Properties, L.L.C.,* 10th Dist. No. 12AP-1008, 2014-Ohio-124, ¶ 13, quoting *Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 10th Dist. No. 12AP-174, 2012-Ohio-4514, ¶ 11.

{¶ 14} A cognovit judgment is available only where the debtor has defaulted on the payment terms of the instrument evidencing indebtedness. *Henry Cty. Bank v. Stimmels, Inc.,* 3d Dist. No. 04-22-2013, 2013-Ohio-1607. By its very nature, a cognovit note eliminates every defense with the exception of payment and partial payment. *Tines v. Immobilaire IV, Ltd.*, 10th Dist. No. 00AP-87 (Feb. 13, 2001). However, Ohio courts have also recognized additional meritorious defenses involving the integrity and validity of cognovit notes, including: " 'improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and

miscalculation of the amount remaining due on the note at the time of confession of judgment.' " *Market Ready Real Estate Servs., Inc. v. Weber*, 10th Dist. No. 12AP-803, 2013-Ohio-4879, ¶ 9, quoting *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554.

{¶ 15} To obtain relief from a cognovit judgment under the modified 60(B) standard, the moving party must " 'allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists.' " *Jarrell* at ¶ 11, quoting *Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr., Inc.*, Stark App. No. 2003CA00108, 2004-Ohio-120, ¶ 15. Appellants have not alleged such facts in this case.

{¶ 16} First, we note that appellants' amended answer does not assert payment or partial payment. Although appellants have alleged that Palligistics, by and through Dr. Kiehl and Johnson, intentionally breached an agreement to reduce the amount owed by appellants on another cognovit note, they have not alleged any facts which would permit the inference of payment or partial payment on the Note at issue in this case.

{¶ 17} Appellants next argue that Khan's affidavit sets forth a meritorious defense of fraud. The material averments of Khan's affidavit reads, as follows:

> 22. Also on March 8, 2010, K One Limited Partnership, the Plaintiff herein, a company created by Dr. Kiehl for the purpose of loaning money to Palligistics, loaned $500,000 to Palligistics in exchange for the Note that is the subject of the litigation before this court. Neil Johnson signed the Note as President of PL Funding, LLC, an authorized member of Palligistics. We guaranteed the Note.
>
> 23. This Note was to be a bridge loan after Palligistics was created and was to be paid back after Johnson and Kiehl obtained a new working capital loan for Palligistics.
>
> 24. After the notes and guarantees were executed, Johnson and Kiehl did not obtain the line of credit to clear our debt and so exposed us to AIDCO and Palligistics' unsecured and secured liabilities.

{¶ 18} R.C. 1303.35(A) provides that "the right to enforce the obligation of a party to pay an instrument is subject to * * * [a] defense of the obligor based on * * * [f]raud that induced the obligor to sign the instrument with neither knowledge nor reasonable

opportunity to learn of its character or its essential terms." R.C. 1303.35(A)(1)(c). The facts relevant to the Note and Guarantee at issue in this case do not permit the inference that appellants were induced by K One to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms.[1] Khan admits that appellants knowingly signed the Guarantee at issue and that appellants understood the essential terms. The fact that Dr. Kiehl and Johnson subsequently reneged on their promise to find other financing to secure appellants' debt to K One does not alter the fact that appellants knew they were guaranteeing payment of the Note. Furthermore, to the extent that appellants allege that Dr. Kiehl and Johnson breached a fiduciary duty owed to appellants in respect to the Note and Guarantee, "[a] claim of breach of fiduciary duty * * * is not a defense to an action on a cognovit note; rather, it is a claim that must be brought in a separate action." *See Ohio Carpenter's Pension Fund v. La Centre, L.L.C.,* 8th Dist. No. 86597, 2006-Ohio-2214, ¶ 16, citing *Leonard v. Bank One Youngstown,* 7th Dist. No. 96-C.A.-42 (1997).

{¶ 19} "As stated by the Ohio Third District Court of Appeals, 'a meritorious defense [in the context of a cognovit judgment challenge] is one that goes to *the integrity and validity of the creation of the debt or note*, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note.' " *Jacobs v. Acacia Chattanooga Vehicle Auction, Inc.,* S.D. Ohio No. 2:10-CV-912, (December 21, 2011), quoting *Freed* at ¶ 10. (Emphasis added.) Appellants have not alleged facts which impugn the integrity and validity of the creation of the Guarantee or Note.

{¶ 20} Accordingly, appellants' first assignment of error is overruled.

{¶ 21} In their second assignment of error, appellants contend that the trial court erred by failing to serve them with the judgment entry as required by R.C. 2323.13(C), which states: "Immediately upon entering any such judgment the court shall notify the defendant of the entry of the judgment by personal service or by registered or certified letter mailed to him at the address set forth in the petition." Appellee concedes that the

---

[1] Both the Note and Guarantee contain the statutory "warning" regarding the waiver of prior notice and available defenses. *See* R.C. 2323.13(D).

trial court failed to comply with the statute in this case but argue that any error was clearly harmless to appellants. We agree.

{¶ 22} The record reveals the following series of events: certified mail service of the complaint and summons upon appellants on January 7, 2013; appellants retained counsel filed an amended answer on January 8, 2013; the trial court entered a cognovit judgment on January 19, 2013; and appellants timely filed a motion for relief from the judgment on March 12, 2013. Thus, the record shows that appellants received actual notice of the cognovit judgment even though the trial court did not serve appellants in accordance with the statute. Moreover, the case law establishes that a motion for relief from judgment pursuant to Civ.R. 60(B) is the appropriate procedural device for challenging a cognovit judgment. *See Jacobs v. Acacia Chattanooga Vehicle Auction, Inc.,* 10th Dist. No. 10AP-1071, 2011-Ohio-3706, ¶ 18. The trial court ruled on the merits of appellants' 60(B) motion and appellants timely appealed to this court. Thus, appellants were not harmed by the lack of statutory notice.

{¶ 23} For the foregoing reasons, appellants' second assignment of error is overruled.

## V. Conclusion

{¶ 24} Having overruled each of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

O'GRADY and LUPER SCHUSTER, JJ., concur.

———————————